UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARK ZAVISLAK,
Plaintiff,
v.
NETFLIX, INC.,
Defendant.

Case No. 21-cv-01811-EJD (NC)

**ORDER GRANTING PLAINTIFF'S PROPOSED PROTECTIVE ORDER**

Re: ECF 57

On September 16, 2021, the parties filed a joint statement regarding their protective order dispute. ECF 57. The statement identified three areas of contest: (1) an "Attorney's Eyes Only" designation, (2) a deadline for confidentiality designation objections, and (3) the method for designating of confidential materials. *Id.* at 2. The Court ordered the parties to file their competing proposed protective orders. ECF 59. Plaintiff Mark Zavislak submitted the Northern District's Model Protective Order for Standard Litigation. ECF 60. Defendant Netflix submitted a slightly modified version of the Model. ECF 62. For the following reasons, the Court grants Zavislak's proposed protective order.

First, Netflix proposes designating five documents–the Claims Administration Agreements–"Attorney's Eyes Only" because they include confidential pricing and terms. ECF 57 at 4. Netflix does not include explicit guidelines for this separate designation in its proposed order but does deviate from the Model order by distinguishing between

United States District Court
Northern District of California

"confidential" and "highly confidential" information and materials. *See* ECF 62 at 2. This differentiation is only employed twice: to describe the designation process and to identify to whom highly confidential information may be disclosed. *See id.* at 5, 8. The only individuals who can view confidential, but not highly confidential, information are: "the officers, directors, and employees (including House Counsel) of the Receiving Party." *Id.* at 8-9. Given the exclusion of everyone but the Receiving Party, experts, the Court and court staff, witnesses at depositions, and the authors of the materials, the Court assumes that Netflix use of "highly confidential" is interchangeable with "Attorney's Eyes Only."

Given the "strong presumption" in favor of public access, the Court does not find that Netflix's arguments rebut the presumption of disclosure. *See Phillips v. GMC*, 307 F.3d 1206, 1212 (9th Cir. 2002). Netflix relies on Judge Edward J. Davila's statement that Zavislak may not be entitled to the Claims Administration Agreements to support its argument that if the Agreements are produced, Zavislak should not be able to see them. *See* ECF 57 at 4-5. This argument conflates two distinct issues, only one of which the Court is evaluating today: whether Zavislak himself should be excluded from viewing the Claims Administration Agreements. In answering this question, the Court finds that Netflix has not sufficiently explained why Zavislak should be excluded. First, Zavislak is not a competitor or House Counsel as specified in the quote from *Barnes & Noble, Inc. v. LSI Corp.*, No. 3:11-cv-02709-EMC (LB). *See* ECF 57 at 5. Further, Netflix's concerns about Zavislak using self-developed software to sort through discovery appears to be mitigated by Section 7.1 of both proposed orders which requires protected material to be stored "at a location and in a secure manner that ensures that access is limited to the persons authorized." *See* ECF 62 at 7; *see also* ECF 60 at 7. Finally, Netflix can redact only the confidential pricing and terms, enabling Zavislak to view the remainder of the Agreements. Because Netflix has not sufficiently rebutted the presumption of disclosure to Zavislak, the Court denies Netflix's proposal to distinguish between "confidential" and "highly confidential" or "Attorney's Eyes Only."

//

United States District Court
Northern District of California

Second, Netflix proposes a 40-day deadline for the parties to object to each other's confidentiality designations. ECF 57 at 6. Neither party's proposed orders include such a deadline. *See* ECF 60; *see also* ECF 62. Thus, the Court considers this issue resolved.

Third, Netflix also proposes that the protective order allow a party to designate an entire document as confidential, rather than tailoring the designation to pages or lines. ECF 57 at 6. This method of designation is not specifically addressed in Netflix's proposed order, however, even if it was, the Court would deny this request. *See* ECF 62. Under Civil Local Rule 79-5, to file a document under seal "the request must be narrowly tailored to seek sealing only of sealable material." In some cases, sealing of an entire document may be "narrowly tailored" if the parties determine that the entire document is "sealable material." However, in the interest of public access, the Court declines to allow a party to bypass this narrow tailoring approach by granting the parties the ability to deem an entire document "confidential" without engaging in a detailed review. Accordingly, the Court denies Netflix's proposal.

In sum, the Court GRANTS Zavislak's proposed protective order, ECF 60, and DENIES Netflix's proposed protective order.

**IT IS SO ORDERED.**

Dated: September 21, 2021

NATHANAEL M. COUSINS
United States Magistrate Judge