UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ZAVISLAK,<br><br>  Plaintiff,<br><br>   v.<br><br>NETFLIX, INC.,<br><br>  Defendant. | Case No. 21-cv-01811-EJD (NC)<br><br>**ORDER DENYING PLAINTIFF'S DISCOVERY REQUESTS RE: FIDUCIARY EXCEPTION TO ATTORNEY-CLIENT PRIVILEGE**<br><br>Re: ECF 110, 111 |

On March 17, 2022, the parties filed competing proposed orders on two discovery disputes arising from Plaintiff's arguments for a fiduciary exception to Defendant's attorney-client privilege assertions. ECF 114; ECF 115. After reviewing the proposed orders and discovery letter briefs, the Court DENIES Plaintiff's request to compel an additional deposition of Jon Hicks and DENIES Plaintiff's request to compel an additional search and document production in response to Request for Production 12.

<u>Discovery Letter re: Hicks Deposition (ECF 110)</u>

Zavislak argues that under *United States v. Mett*, Netflix, as the Plan Administrator, must answer questions about Zavislak's ERISA § 104 document request because it has a fiduciary duty to fully disclose information regarding plan administration to plan beneficiaries. ECF 110 at 3. Zavislak points to *Wit v. United Behavioral Health* to support his claim that the fiduciary exception applies to requests under ERISA § 104. *Id.* at 4. Netflix, on the other hand, argues that the fiduciary exception does not apply because

1  Zavislak has not shown that the § 104 documents he seeks constitute advice on a fiduciary
2  matter. *Id.* at 5. Netflix specifically challenges Zavislak's interpretation of *Wit*, positing
3  that *Wit* does not discuss the application of the fiduciary exception to § 104 requests. *Id.*
4  First, the Court agrees that *Wit* does not apply the fiduciary exception to ERISA §
5  104 requests. Case No. 14-cv-02346-JCS, 2016 U.S. Dist. LEXIS 7242, at *5–8 (listing
6  the documents in dispute, none of which is a § 104 request). The portion of the opinion
7  Zavislak cites merely describes plan members' rights under ERISA. *See id.* at *38.
8  After eliminating *Wit*, Zavislak's argument for piercing privilege relies on Hicks's
9  role as a lawyer who handles ERISA requests and as the liaison to Netflix's outside
10 ERISA-compliance counsel. ECF 110 at 4. Netflix counters that because the Ninth
11 Circuit has specified what documents must be included in a response to a § 104 request,
12 Hicks did not exercise discretion in responding to Zavislak, and therefore he did not act as
13 a fiduciary. *Id.* at 5. The cases Netflix cites are not binding and do not support such a
14 strong assertion. However, Zavislak's arguments for piercing the privilege are also
15 unpersuasive. Thus, because "hard cases should be resolved in favor of the privilege," the
16 Court declines to apply the fiduciary exception. *See Mett*, 178 F.3d at 1065. Accordingly,
17 Plaintiff's request to compel an additional deposition of Hicks is DENIED.

Discovery Letter re: RFP 12 (ECF 111)

19 At the March 16 discovery hearing, the parties conceded that the RFP 12 dispute
20 relies on the Court's finding regarding the fiduciary exception in Hick's deposition. Thus,
21 because the Court declined to apply the fiduciary exception to Hick's deposition, it also
22 DENIES Plaintiff's motion to compel additional discovery in response to RFP 12.
23 Additionally, the Court DENIES Plaintiff's motion for sanctions.

25 **IT IS SO ORDERED.**

27 Dated: March 18, 2022                                              _____
                                                                      NATHANAEL M. COUSINS
28                                                                    United States Magistrate Judge