O. Shane Balloun (CalBar #281175)
Balloun Law Professional Corporation
355 Harris Avenue, Suite 201
Bellingham, Washington 98225
(360) 318-7778 | (360) 989-8879
(360) 318-7798 (fax)
o.shane@ballounlaw.com

**Attorney for Plaintiff**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| **Mark Zavislak,** | No. 5:21-cv-01811-EJD |
| PLAINTIFF; | **Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge** |
| v. | |
| **Netflix, Inc.,** | |
| DEFENDANT. | |

Motion for Relief from Nondispositive
Pretrial Order of Magistrate Judge
(No. 5:21-cv-01811-EJD)

i

Balloun Law Professional Corporation
o.shane@ballounlaw.com
(360) 318-7778

**Specific Statement of Portions of Findings to Which Objection Is Made**

Pursuant to Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1)(A), Plaintiff moves this Court for relief from the nondispositive pretrial order issued by the honorable Magistrate Judge Nathanael M. Cousins set forth in ECF 117 (the "Order"). Specifically, Plaintiff objects to the denial of Plaintiff's request to compel an additional deposition of Jon Hicks and Plaintiff's request to compel additional search and document production in response to Request for Production 12. *See* Order at 1:19–21.

**Statement of the Court Action Requested**

Plaintiff respectfully requests this Court find that the fiduciary exception to the attorney-client privilege applies to beneficiary requests for documents under § 104(b)(4) of ERISA. Accordingly, Plaintiff requests that this Court compel (1) deposition of Netflix inside counsel Jon Hicks about his communications with (and legal advice received by or given to) outside ERISA-compliance counsel, Netflix's benefits manager, and other persons at Netflix prior to the commencement of this lawsuit about the handling of Mr. Zavislak's original § 104(b)(4) document request as a beneficiary of the Netflix, Inc. Health and Welfare Benefits Plan (the "Netflix Plan"); and (2) document production of all such written pre-litigation communications with—including advice given by— inside and outside counsel relating to documentary production under ERISA § 104(b)(4) and the processing of Plaintiff's original documentary request thereunder.

**Reasons and Authority Supporting This Motion**

A magistrate judge's resolution of a discovery dispute is "entitled to great deference." *Doubt v. NCR Corp.*, No. 09-cv-5917-SBA, 2011 WL 5914284, at *2 (N.D. Cal. Nov. 28, 2011). However, a district court must modify or set aside a nondispositive order "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *accord* Fed. R. Civ. P. 72(a). "A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." *Conant v. McCoffey*, No. 97-0139-FMS, 1998 WL 164946, *2 (N.D. Cal. Mar. 16, 1998) (citing *Hunt v. NBC*, 872 F.2d 289, 292 (9th Cir. 1989)).

Motion for Relief from Nondispositive　　　　1　　　　Balloun Law Professional Corporation
Pretrial Order of Magistrate Judge　　　　　　　　　　　　　　　　o.shane@ballounlaw.com
(No. 5:21-cv-01811-EJD)　　　　　　　　　　　　　　　　　　　　　　(360) 318-7778

**First**, the Order does not correctly apply the legal standard for the fiduciary exception to the attorney-client privilege as set forth in *U.S. v. Mett*. Plaintiff originally cited *Mett* for this general proposition: "As applied in the ERISA context, the fiduciary exception provides that '*an employer acting in the capacity of ERISA fiduciary is disabled from asserting the attorney-client privilege against plan beneficiaries on matters of plan administration.*'" 178 F.3d 1058, 1062–63 (9th Cir. 1999) (emphasis added). Accordingly, the fiduciary exception applies because (1) Netflix was acting in the capacity of an ERISA fiduciary when it made its pre-litigation communications, and (2) the communications sought by Plaintiff in discovery concerned a matter of plan administration.

**Netflix was acting in the capacity of an ERISA fiduciary when it made its pre-litigation communications.** There is no dispute in this case that Netflix, Inc. is the plan administrator of its own benefits plan and that Mark Zavislak is a beneficiary to the plan. *Compare* Amended Compl., ECF 16, at ¶¶ 1, 3, *with* Answer, ECF 49, at ¶¶ 1, 3. This means that, as a matter of law, Netflix as plan administrator "is a fiduciary … to the extent [it] exercises any discretionary authority or discretionary control respecting management of such plan or … has any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. § 1002(21)(A). "'[F]iduciary' acts" are synonymous with the "discretionary acts of plan 'management' and 'administration.'" *Varity Corp. v. Howe*, 516 U.S. 489, 502 (1996) (citing *id.*). Netflix's plan adoption instrument names Netflix as the plan administrator and states: "The Plan Administrator is the named fiduciary responsible for administering the Plan and has full discretionary authority to interpret and administer the Plan." Ex. 1, Excerpt of 2021 Plan Adoption Agreement at 2–3.

The employer in *Varity* made the argument that it was not engaged in plan administration because it was providing *more* information than required under ERISA's statutory disclosure provisions. *See Varity*, 516 U.S. at 504. In rejecting this argument, the Court impliedly reasoned (and the employer implicitly acknowledged) that the responsibilities of plan administration already include the employer's statutory duties under ERISA. *See id.* "After all, ERISA itself specifically requires administrators to give beneficiaries certain

Motion for Relief from Nondispositive  2  Balloun Law Professional Corporation
Pretrial Order of Magistrate Judge        o.shane@ballounlaw.com
(No. 5:21-cv-01811-EJD)                   (360) 318-7778

information about the plan" such as under § 104. *See id.* at 502. The Supreme Court found no distinction between providing the minimum information required by ERISA and providing more—importantly, it considered both to be fiduciary acts because they are "essentially the same kind of plan related activity." *Id.* at 502–04.

**Netflix's pre-litigation communications concerned a matter of plan administration.** The central statute at issue in this case is ERISA § 104(b)(4), which plainly states: "The *administrator* shall, *upon written request of any* participant or *beneficiary, furnish a copy of* the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, *contract, or other instruments under which the plan is established or operated.*" 29 U.S.C. § 1024(b)(4) (emphases added).

Section 104(b)(4) makes document production to a plan beneficiary upon written request a responsibility of the ERISA plan administrator and thus by definition a "matter of plan administration." Therefore, Netflix's processing of Mr. Zavislak's original January 2021 request under § 104(b)(4) and its responsive document production is a matter of plan administration. *See Varity*, 516 U.S. at 502–504.

Under *Mett*, Netflix as "'an employer acting in the capacity of ERISA fiduciary is disabled from asserting the attorney-client privilege against beneficiaries on matters of plan administration.'" *See* 178 F.3d at 1062–63. Therefore, Netflix is disabled from asserting the attorney-client privilege against its beneficiary, Mark Zavislak on the matter of his documentary request under § 104(b)(4) because it is plainly a matter of plan administration. Therefore, as binding law of the Ninth Circuit, *Mett* requires the fiduciary exception be applied to Netflix and its attorneys where their communications relate to Netflix's documentary production in response to Mr. Zavislak's § 104(b)(4) request.

The fiduciary exception ceases "where a plan fiduciary retains counsel in order to defend herself against the plan beneficiaries … the attorney-client privilege remains intact." *Id.* at 1064. Accordingly, Plaintiff's request to compel here contemplated only related attorney-communications before the instant litigation commenced. *See* ECF 110 at 1:11–13, ECF 111 at 1:20 & n.1 at 1:26–28, 2:19–20. Plaintiff is only seeking thirty-five Netflix-

Motion for Relief from Nondispositive  3  Balloun Law Professional Corporation
Pretrial Order of Magistrate Judge  o.shane@ballounlaw.com
(No. 5:21-cv-01811-EJD)  (360) 318-7778

internal emails about his § 104(b)(4) request that were sent between February 24, 2021 and March 4, 2021. *See* Ex. 2, Privilege Log (updated by Netflix Mar. 8, 2022).

However, the government in *Mett* sought to invade litigation communications and wanted a "more expansive interpretation of the fiduciary exception, arguing that the attorney-client privilege should be defeated whenever otherwise privileged legal advice 'relates to' fiduciary matters," even where the content of attorney-client "memoranda were plainly 'defensive on the trustees' part'" or advised "the trustees 'how far they were in peril.'" *Id.* at 1064. The *Mett* court gave a number of rationales for denying the government's expansive view including using the maxim that "'hard cases should be resolved in favor of the privilege'" as a balancing rule. *Id.* at 1065.

The Order cites precisely this aphorism to deny Plaintiff's request. *See* Order at 2:15–17 (quoting *id.*). But in context, this balancing rule from *Mett* is not applicable here because Mr. Zavislak is not seeking defensive communications between Netflix and its attorneys or any attorney-client communications arising after litigation commenced. In fact, this is the only application of *Mett* in the Order, which does not otherwise address or apply *Mett*'s controlling principles but states without further explanation that Plaintiff's arguments "for piercing the privilege are also unpersuasive." *See* Order at 2:14–18.

**Second**, the Order misapprehends Plaintiff's citation to *Wit v. United Behavioral Health*, No. 14-cv-02346-JCS, Dkt. No. 118 (N.D. Cal. Jan. 21, 2016). *See* Order at 2:4–7. Although the *Wit* court was not resolving a § 104(b)(4) dispute, its opinion ties the fiduciary exception under *Mett* directly to the right of a plan member to request documents under § 104(b)(4) independent from any pending benefits claim. After comprehensively evaluating the rationales of *Mett* with respect to the fiduciary exception, *Wit* uses ERISA § 104(b)(4) as the cornerstone to its analytical framework first to reject an argument that the fiduciary exception should be limited based on notions of "*degree* of relevance" or "according to the benefits a plan member has sought or is likely to seek." No. 14-cv-02346-JCS, Dkt. No. 118 at 5–11, 18–19.

In rejecting the degree-of-relevance approach, the *Wit* court next explains that *Mett*'s

Motion for Relief from Nondispositive
Pretrial Order of Magistrate Judge
(No. 5:21-cv-01811-EJD)

4

Balloun Law Professional Corporation
o.shane@ballounlaw.com
(360) 318-7778

rationales for the fiduciary exception are premised on plan members' broad right to information about plan administration "*without regard to whether a member has a pending claim for benefits that relates to that information* … recognized in ERISA itself, which entitles all plan beneficiaries to information about their plan. See 29 U.S.C. § 1024(b)(4))." *Id.* at 19 (emphasis added). Or in other words, a predicate benefits claim is unnecessary to apply the fiduciary exception. The *Wit* court was essentially rationalizing that a plan member's independent informational rights under ERISA—starting at § 104(b)(4)—would provide a sufficient basis for the application of the fiduciary exception to the attorney-client privilege on behalf of a beneficiary against the plan administrator. *See id.* at 19.

RESPECTFULLY SUBMITTED THIS 1ST DAY OF APRIL 2022.

By: /s/ *O. Shane Balloun*
O. Shane Balloun (CalBar #281175)
Attorney for Plaintiff Mark Zavislak

### [Proposed] Order

The Court FINDS that the fiduciary exception to the attorney-client privilege applies to Defendant Netflix Inc.'s communications with, and advice given by, inside and outside counsel relating to documentary production to beneficiaries under ERISA § 104(b)(4) and specifically the processing of Plaintiff's original requests for plan documents under the Netflix Plan, to the extent such communications or advice occurred prior to the filing of this instant litigation. Accordingly, the Court ORDERS Defendant to produce to Plaintiff all such written communications by April 22, 2022. Furthermore, the Court ORDERS Defendant to produce inside counsel Jon Hicks for deposition on the matters as set forth above, *see supra* at 1:12–16, no later than April 29, 2022, without further assertion of the attorney-client privilege as a basis for objection.

**IT IS SO ORDERED.**

Dated: _____

EDWARD J. DAVILA
United States District Judge