United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MARK ZAVISLAK,

Plaintiff,

v.

NETFLIX, INC.,

Defendant.

Case No. 5:21-cv-01811-EJD

**ORDER RE MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**

Re: Dkt. No. 129

Plaintiff Mark Zavislak moves for relief from Magistrate Judge Nathanael Cousins's order denying Zavislak's motion to compel an additional deposition and additional search and document production. Mot. for Relief from Nondispositive Pretrial Order of Magistrate Judge ("Mot."), Dkt. No. 129. Having considered Zavislak's arguments, the Court REMANDS the issue to the Magistrate Judge for further consideration.

**I. BACKGROUND**

In this action, Zavislak asserts claims for monetary damages and injunctive relief for Netflix's alleged failure to supply information requested pursuant to § 104(b)(4) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1024(b)(4). Dkt. No. 16. The Court referred all discovery matters to Judge Cousins. Dkt. Nos. 14, 50.

On February 15, 2022, Judge Cousins permitted Zavislak to depose Netflix's in-house counsel, Jon Hicks, as a fact witness and stated that "Netflix may object to any questions calling for privileged information." Dkt. No. 97. The Hicks deposition took place on February 25, 2022, during which Netflix's counsel objected based on attorney-client privilege and instructed Hicks

United States District Court
Northern District of California

not to answer certain questions. Dkt. No. 110 at 1. The parties subsequently submitted discovery disputes to Judge Cousins regarding whether the fiduciary exception applies to Netflix's assertions of privilege as to the Hicks deposition and certain documents. Dkt. Nos. 110, 111.

On March 18, 2022, Judge Cousins denied Zavislak's request to compel further deposition of Hicks and denied Zavislak's request to compel an additional search and document production in response to Request for Production No. 12. Dkt. No. 117. In so ordering, Judge Cousins rejected Zavislak's application of *Wit v. United Behavioral Health*, No. 13-cv-02346-JCS, 2016 WL 258604 (N.D. Cal. Jan. 21, 2016) and his reliance on Hicks's role as a lawyer who handles both ERISA requests and as a liaison to Netflix's outside counsel. *Id.* at 2. Judge Cousins ultimately found both sides' arguments unpersuasive and declined to apply the fiduciary exception because "hard cases should be resolved in favor of the privilege." *Id.* at 2 (quoting *United States v. Mett*, 178 F.3d 1058, 1065 (9th Cir. 1999)).

On April 1, 2022, Zavislak filed the motion now before the Court.

## II. LEGAL STANDARD

Subject to some limitations not relevant here, any nondispositive pretrial matter before the district court may be referred to a magistrate judge for determination. 28 U.S.C. § 636(b)(1)(A). Once rendered, the decision of the magistrate judge may only be reconsidered by the district court where the order is "clearly erroneous" or "contrary to law." *Id.*; Fed. R. Crim. P. 59(a). This standard is not easily satisfied because it affords the magistrate judge significant deference. *United States v. Abonce-Barrera*, 257 F.3d 959, 969 (9th Cir. 2001) ("[T]he text of the Magistrates Act suggests that the magistrate judge's decision in such nondispositive matters is entitled to great deference by the district court."). Indeed, "the reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cnty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991).

"The 'clearly erroneous' standard applies to factual findings and discretionary decisions made in connection with non-dispositive pretrial discovery matters." F*.D.I.C. v. Fid. & Deposit Co. of Maryland*, 196 F.R.D. 375, 378 (S.D. Cal. 2000). "A finding is 'clearly erroneous' when

United States District Court
Northern District of California

although there is evidence to support it, the reviewing court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

## III. DISCUSSION

Zavislak now requests that the Court compel (1) document production of pre-litigation communications with Netflix's in-house and outside counsel relating to documentary production under ERISA § 104(b)(4) and the processing of his request for such production and (2) further deposition of Jon Hicks concerning those communications. Mot. at 1, 4–5. He contends that Judge Cousins did not correctly apply the legal standard set forth in *United States v. Mett*, 178 F.3d 1058 (9th Cir. 1999), and that Judge Cousins "misapprehend[ed]" Zavislak's citation to *Wit*.

As to the latter argument regarding *Wit*, the Court has reviewed the discussion concerning that case in the discovery letter outlining Zavislak's position, Zavislak's proposed order, and Judge Cousins's order. The arguments and explanations that Zavislak now provides regarding *Wit* were not presented to Judge Cousins previously. The Court cannot say that Judge Cousins's determination in this respect was clearly erroneous or contrary to the law.

As to the former argument regarding application of *Mett*, that case provides ample direction on the application of the fiduciary exception in the ERISA context. "As applied in the ERISA context, the fiduciary exception provides that 'an employer acting in the capacity of ERISA fiduciary is disabled from asserting the attorney-client privilege against plan beneficiaries on matters of plan administration.'" *Mett*, 178 F.3d at 1063. The Ninth Circuit described the limited application of the fiduciary exception as follows:

> On the one hand, where an ERISA trustee seeks an attorney's advice on a matter of plan administration and where the advice clearly does not implicate the trustee in any personal capacity, the trustee cannot invoke the attorney-client privilege against the plan beneficiaries. On the other hand, where a plan fiduciary retains counsel in order to defend herself against the plan beneficiaries (or the government acting in their stead), the attorney-client privilege remains intact.

*Id.* at 1064. "[W]here a fiduciary seeks legal advice for her own protection, the core purposes of the attorney-client privilege are seriously implicated and should trump the beneficiaries' general

right to inspect documents relating to plan administration." *Id.* at 1065.

Here, it is not clear whether the privileged communications at issue concerned purely a matter of plan administration (i.e., which documents were necessary to respond to Zavislak's request) to which the fiduciary exception applies, or whether the communications concerned defensive advice in anticipation of a lawsuit from Zavislak, to which the exception would not apply. *Id.* at 1066 ("[W]hile the fiduciary exception does apply to advice on matters of plan administration, the attorney-client privilege reasserts itself as to any advice that a fiduciary obtains in an effort to protect herself from civil or criminal liability."); *see* Dkt. No. 19-9 (February 11, 2021 letter from Zavislak to Netflix invoking the potential for civil liability under 29 U.S.C. § 1132(c)(1)). The Ninth Circuit has indicated that the application of the fiduciary exception turns on "the nature of the particular attorney-client communication . . . . This communication-by-communication analysis, while perhaps untidy, is crucial if the attorney-client privilege and the fiduciary exception are to coexist." *Mett*, 178 F.3d at 1065–66. Because the current record is insufficiently developed for the Court to determine whether Zavislak's requested relief is warranted, the Court requests Judge Cousins examine the nature of the communications at issue.

## IV. CONCLUSION

For the foregoing reasons, the Court REMANDS the issue to Judge Cousins for consideration of whether or not the communications and information sought implicate Netflix's role as fiduciary or potential litigant.

**IT IS SO ORDERED.**

Dated: April 11, 2022

EDWARD J. DAVILA
United States District Judge

United States District Court
Northern District of California