UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARK ZAVISLAK,

   Plaintiff,

  v.

NETFLIX, INC.,

   Defendant.

Case No. 21-cv-01811-EJD (NC)

**ORDER FINDING THAT THE FIDUCIARY EXCEPTION APPLIES TO CERTAIN DISPUTED COMMUNICATIONS**

Re: ECF 131

Following Judge Edward J. Davila's remand on the issue of whether the fiduciary exception applies to certain disputed documents, the Court ordered the parties to meet and confer and submit the following documents for in camera review: (1) Plaintiff Mark Zavislak and Jon Hicks' communications regarding Zavislak's § 104 request, (2) Hicks' communications relating to Zavislak's request with outside counsel, Defendant Netflix Inc.'s benefits manager, and Netflix personnel, and (3) the relevant portions of Hicks' deposition transcript. ECF 132. The Court also permitted the parties to file supplemental briefs on the issue. *Id.* After reviewing the documents and supplemental briefs, the Court finds that the fiduciary exception applies to most of the disputed communications.

**I. APPLICATION OF FIDUCIARY EXCEPTION TO COMMUNICATIONS**

The Ninth Circuit has established that "as applied in the ERISA context, the fiduciary exception provides that 'an employer acting in the capacity of ERISA fiduciary is

disabled from asserting the attorney-client privilege against plan beneficiaries on matters of plan administration.'" *U.S. v. Mett*, 178 F.3d 1058, 1063 (9th Cir. 1999) (internal citation omitted). *Mett* noted that there are two ends of the spectrum:

> "On the one hand, where an ERISA trustee seeks an attorney's advice on a matter of plan administration and where the advice clearly does not implicate the trustee in any personal capacity, the trustee cannot invoke the attorney-client privilege against the plan beneficiaries. On the other hand, where a plan fiduciary retains counsel in order to defend herself against the plan beneficiaries . . . the attorney-client privilege remains intact." *Id.* at 1064.

The Ninth Circuit reversed the lower court finding that fiduciary exception did not apply to the communications in question because they were "plainly defensive" and "aimed at advising the trustees how far they were in peril," not advice rendered "on a matter of plan administration." *Id.* Applying *Mett* to this case, the Court finds the submitted communications–with the exception of pages 6 through 11 of "Netflix Mail Request for Benefits Documentation"–do relate to advice on matters of plan administration; specifically, what documents Netflix should produce in response to a § 104 request.

In the discovery letter brief on this issue, Netflix argues that responding to a § 104 request is not a fiduciary matter subject to the fiduciary exception because, given the Ninth Circuit's clear directive explaining what documents must be produced in response to such a request, there was no opportunity for Hicks to exercise discretion. ECF 110 at 5. While in most cases, a plan administrator may not exercise discretion because they know what documents must be produced and they have them readily available, here, Hicks consulted several other individuals to ascertain and retrieve the documents he eventually provided to Zavislak. Thus, Netflix's discretion argument is not persuasive.

In its supplemental brief, Netflix asserts that all of the submitted documents are privileged under attorney-client privilege because they contain communications in anticipation of litigation. ECF 134 at 2. Netflix argues that because Zavislak's initial letter used "threatening language," Netflix was contemplating litigation as early as February 11, 2021. *Id.* at 3. However, as Zavislak points out in his supplemental brief,

2

1     Netflix previously argued that it was not anticipating litigation until Zavislak filed his
2     complaint on March 15, 2021, to justify why it did not take more steps to preserve certain
3     communications. ECF 111 at 4; *see* ECF 135 at 3. Netflix cannot have its cake and eat it
4     too. Thus, applying Netflix's original assertion that it was not anticipating litigation until
5     March 15, the Court finds that attorney-client privilege does not shield the
6     communications Netflix seeks to withhold.

7     Finally, in his supplemental brief, Zavislak argues that all of the communications
8     should be disclosed because Netflix by not sufficiently substantiating its privilege claims,
9     Netflix waived the privilege. ECF 134 at 3. Zavislak had numerous opportunities to raise
10    this challenge, but he is raising it for the first time on the remand of a motion for
11    reconsideration of a discovery dispute that already underwent several rounds of briefing
12    and a hearing. Thus, the Court is unpersuaded by this argument.

13    Accordingly, the Court determines that all of the communications presented for in
14    camera review should be disclosed except pages 6 through 11 of "Netflix Mail Request for
15    Benefits Documentation." These pages directly discuss the instant litigation.

## II.    APPLICATION OF FIDUCIARY EXCEPTION TO HICKS DEPOSITION

17    Upon review of the relevant portions of Hicks' deposition transcript, the Court only
18    identified two questions that Hicks did not answer. First, Zavislak asked Hicks, "In
19    Netflix's capacity as plan administrator and you work for Netflix, did you give Dana
20    Armanio advice about Mr. Zavislak's request?" Because Armanio and Hicks exchanged
21    communications about what documents to produce, the fiduciary exception applies to this
22    question. However, because it is likely that Armanio and Hicks communicated about the
23    litigation as well, the Court clarifies that the fiduciary exception only applies to the
24    question as far as communications directly related to what documents to produce in
25    response to Zavislak's § 104 request.

26    The second question was: "Dana Armanio testified in her deposition that Alison
27    Wright at Hanson Bridgett advised her that the claims administration contract between
28    Netflix and its claims administrators did not have to be produced in response to an ERISA

104(B)(4) request. Was that your understanding, as well?" The only instances in the documents where Wright authored communications–and was not merely copied on them–related to the litigation. Thus, the fiduciary exception does not apply to this question.

## III. CONCLUSION

For the foregoing reasons, the Court finds that the fiduciary exception applies to all of the submitted communications except pages 6 through 11 of "Netflix Mail Request for Benefits Documentation" document. Netflix is ORDERED to produce the submitted communications to Zavislak by **May 5, 2022**.

Additionally, the fiduciary exception applies to Zavislak's question about Hicks' advice to Armanio. Thus, Netflix is ORDERED to draft a declaration from Hicks answering: "Did you give Dana Armanio advice about Mr. Zavislak's request?" Netflix must produce this declaration to Zavislak by **May 5, 2022**. Zavislak's question about Hicks' understanding of Wright's advice is covered by attorney-client privilege, and the fiduciary exception does not apply. Hicks is not required to answer this question.

**IT IS SO ORDERED.**

Dated: April 28, 2022

NATHANAEL M. COUSINS
United States Magistrate Judge