O. Shane Balloun (CalBar #281175)
Balloun Law Professional Corporation
355 Harris Avenue, Suite 201
Bellingham, Washington 98225
(360) 318-7778 | (360) 989-8879
(360) 318-7798 (fax)
o.shane@ballounlaw.com

**Attorney for Plaintiff Mark Zavislak**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| **Mark Zavislak,**<br><br>PLAINTIFF;<br>*v.*<br><br>**Netflix, Inc.,**<br><br>DEFENDANT. | No. 5:21-cv-01811-EJD<br><br>**Declaration of O. Shane Balloun in Support of Plaintiff's (1) Motion to Exclude Expert Opinion Testimony of Marcia S. Wagner; and (2) Motion for Summary Judgment** |

Pursuant to Civil L.R. 6-2, I, O. Shane Balloun, certify under penalty of perjury pursuant to 28 U.S.C. § 1746 and Rule 11 of the Federal Rules of Civil Procedure that the following statements are true and correct:

1. I am Plaintiff Mark Zavislak's attorney in this matter.
2. Today, Plaintiff is filing two motions, *i.e.*, a Daubert *Motion to Exclude Expert Opinion Testimony of Marcia S. Wagner* ("MTE") and a *Motion for Summary Judgment* ("MSJ").
3. There is substantial (though not complete) overlap between the exhibits referenced by the MTE and the MSJ.
4. The purpose of this declaration is to authenticate the basic provenance of the documents attached as exhibits in support of the MTE and the MSJ.

5. For ease of reference and to aid the Court, each document's nominal exhibit number (*e.g.*, Exhibit / Ex. 3) will be the same as the document's ECF secondary exhibit docket number after the hyphen under this filing (*e.g.*, ECF 144-3).

6. Some documents below have been marked by Netflix or nonparties as confidential in whole or in part. In such case, the document titles have been appended with a green "**[SEAL]**" tag.

**Exhibit 1: 2020 Netflix, Inc. Health and Welfare Benefits Adoption Agreement, Plan Summary and Plan Description ("Adoption Agreement")**

7. Exhibit 1 is a true and correct copy of the 2020 Adoption Agreement for the *Netflix, Inc. Health and Welfare Benefits Plan* (the "Netflix Plan" or "Plan"), which I received from Defendant Netflix, Inc. in the course of discovery during this case.

**Exhibit 2: 2018 Adoption Agreement**

8. Exhibit 2 is a true and correct copy of the 2018 Adoption Agreement for the Netflix Plan, which I received from counsel for Netflix in the course of discovery during this case.

**Exhibit 3: 2021 Adoption Agreement**

9. Exhibit 3 is a true and correct copy of the 2021 Adoption Agreement for the Netflix Plan, which I received from counsel for Netflix in the course of discovery during this case.

**Exhibit 4: Letter from Mark Zavislak to Netflix, Inc. (January 4, 2021)**

10. Exhibit 4 is a true and correct copy—which I received from counsel for Netflix in the course of discovery during this case—of the Letter sent by Mark Zavislak to Netflix, Inc. on January 4, 2021.

**Exhibit 5: Letter from Mark Zavislak to Netflix, Inc.**

***via*** **CT Corporation System (February 11, 2021)**

11. Exhibit 4 is a true and correct copy—which I received from counsel for Netflix in the course of discovery during this case—of the Letter sent by Mark Zavislak to Netflix, Inc. via its registered agent CT Corporation System, on February 11, 2021.

**Exhibit 6: Emails between Mark Zavislak and Jonathan Hicks**

12. Exhibit 6 is a true and correct copy of email correspondence between Mark Zavislak and Jonathan Hicks, Senior Counsel at Netflix, between February 17 and March 4, 2021.

13. The subject line of these emails was "Your February 11th request for documents." *See infra* ¶ 14.

14. I received this document from outside counsel for Netflix in the course of discovery during this case.

**Exhibit 7: Emails between Netflix Employees Related to Plaintiff's Request [SEAL]**

15. Exhibit 7 is a true and correct copy of email correspondence between Jonathan Hicks, Dana Armanino, and Carole Payne, inside Netflix, between February 24 and March 2, 2021.

16. The subject line of these emails was "Your February 11th request for documents," as the email chain related to Mr. Hicks's email conversation with Mr. Zavislak. *See supra* ¶ 11.

17. I received this document from outside counsel for Netflix in the course of discovery during this case.

18. This document has been determined by the Court not to be subject to the attorney-client privilege. *See* ECF 136.

19. Netflix marked this entire document as confidential.

20. Accordingly, Plaintiff is filing this document under seal. *See* ECF 144-7, 145.

**Exhibit 8: Netflix Emails to Outside Counsel [SEAL]**

21. Exhibit 8 is a true and correct copy of email correspondence between Dana Armanino and Jonathan Hicks of Netflix, and Erica Russell of Hanson Bridgett LLP between March 2 and 3, 2021.
22. The subject line of these emails was "Request for Benefit Documents."
23. I received this document from outside counsel for Netflix in the course of discovery during this case.
24. This document has been determined by the Court not to be subject to the attorney-client privilege. *See* ECF 136.
25. Netflix marked this document as confidential.
26. Accordingly, Plaintiff is filing this document under seal. *See* ECF 144-8, 145.

**Exhibit 9: Email from Zavislak to Hicks (Feb. 28, 2022 at 11:59 PM)**

27. Exhibit 9 is a true and correct copy of an email sent by my client, Mark Zavislak, to Jonathan Hicks on February 28, 2022 at 11:59 p.m.
28. The subject line of this email was "February 28, 2022 ERISA § 104(b)(4) request."
29. I received this document from my client during this case.

**Exhibit 10: Email from Dana Armanino to Zavislak (Mar. 11, 2022 at 10:05 AM)**

30. Exhibit 10 is a true and correct copy of an email sent by Dana Armanino, Manager, Benefits, to Mark Zavislak on March 11, 2022 at 10:05 a.m.
31. The subject line of this email was "February 28, 2022 ERISA § 104(b)(4) request."
32. I received this document from my client during this case.

**Exhibit 11: Transcript of Deposition of Dana Armanino (Feb. 21, 2022)**

33. Netflix designated Dana Armanino as its corporate representative under Federal Rule of Civil Procedure 30(b)(6).
34. I deposed Ms. Armanino on February 21, 2022 before a certified court reporter.
35. Exhibit 11 is a true and correct mini (4-quadrant) copy of the certified transcript of the deposition, with the original index truncated from the document.

**Exhibit 12: Transcript of Deposition of Therese Nielsen (Feb. 21, 2022)**

36. Anthem Blue Cross Life and Health Insurance Company (Anthem) designated Therese Nielsen as its corporate representative under Federal Rule of Civil Procedure 30(b)(6).
37. I deposed Ms. Nielsen on February 18, 2022 before a certified court reporter.
38. Exhibit 12 is a true and correct mini (4-quadrant) copy of the certified transcript of the deposition, with the original index truncated from the document.

**Exhibit 13: Transcript of Deposition of Jessica Nelson (Mar. 7, 2022)**

39. CollectiveHealth Administrators, LLC (Collective Health) designated Jessica Nelson as its corporate representative under Federal Rule of Civil Procedure 30(b)(6).
40. I deposed Ms. Nelson on March 7, 2022 before a certified court reporter.
41. Exhibit 13 is a true and correct mini (4-quadrant) copy of the certified transcript of the deposition, with the original index truncated from the document.

**Exhibit 14: Transcript of Deposition of Sharen Stanek-Lowe (Feb. 25, 2022) [SEAL]**

42. Delta Dental of California (Delta Dental) designated Sharen Stanek-Lowe as its corporate representative under Federal Rule of Civil Procedure 30(b)(6).
43. I deposed Ms. Lowe on February 25, 2022 before a certified court reporter.
44. Exhibit 14 is a true and correct mini (4-quadrant) copy of the certified transcript of the deposition, with the original index truncated from the document.

45. Counsel for Delta Dental at the end of the deposition requested that questions and answers related to a particular document I referenced as "Exhibit 62" therein be designated as confidential. *See* Stanek-Lowe Dep., Ex. 14, 56:23–57:21; *see also id.* at 57:22–63:17, 66:25–67:10, 68:11–14, 69:1–71:6, 72:17–76:12, 82:4–13 (designated redactions under seal).

46. Accordingly, Plaintiff is redacting and filing this document under seal. *See* ECF 144-14, 145.

**Exhibit 15: Transcript of Deposition of Melissa Bass (Feb. 25, 2022)**

47. Vision Service Plan (VSP) designated Melissa Bass as its corporate representative under Federal Rule of Civil Procedure 30(b)(6).

48. I deposed Ms. Bass on January 27, 2022 before a certified court reporter.

49. After the deposition, Ms. Bass submitted corrections to her testimony and then verified the transcript with her corrections by her signature on February 15, 2022.

50. Exhibit 15 is a true and correct mini (4-quadrant) copy of the certified transcript of the deposition, with the original index truncated from the document and Ms. Bass's corrections and signature appended.

**Exhibit 16: Netflix's Responses to Plaintiff's First Set of Interrogatories**

51. Exhibit 16 is a true and correct copy of Netflix's answers to Plaintiff's first set of interrogatories, verified by Dana Armanino on January 7, 2022.

52. I received this document from counsel for Netflix in the course of discovery during this case.

**Exhibit 17: Netflix's Responses to Plaintiff's Second Set of Interrogatories**

53. Exhibit 17 is a true and correct copy of Netflix's answers to Plaintiff's second set of interrogatories, verified by Dana Armanino on February 28, 2022.
54. I received this document from counsel for Netflix in the course of discovery during this case.

**Exhibit 18: Netflix-Anthem *Administrative Services Agreement for Jointly Administered Arrangements* ("ASO")**

55. Exhibit 18 is a true and correct copy of the Netflix-Anthem ASO, which I received from counsel for Netflix in the course of discovery during this case.
56. Some portions of the document have been redacted by Netflix prior to production in discovery.
57. However, Netflix has not otherwise designated this document as confidential.
58. Plaintiff is not filing this under seal.

**Exhibit 19: Netflix-Collective Health *Benefit Services Agreement* ("BSA") [SEAL]**

59. Exhibit 19 is a true and correct copy of the Netflix-Collective Health BSA, which I received from counsel for Netflix in the course of discovery during this case.
60. Netflix marked portions of the Netflix-Collective Health BSA confidential. *See* BSA at 3, 10, 19, 21, 23, 27.
61. Accordingly, Plaintiff is redacting and filing this document under seal. *See* ECF 144-19, 145.

**Exhibit 20: Netflix-Delta Dental *Dental Adminstrative Services Contract* and *Amendment 1* thereto ("DASC") [SEAL]**

62. Exhibit 20 is a true and correct copy of the Netflix-Delta Dental DASC, which I collated from two separate instruments—
63. I received the master *Dental Administrative Services Contract* from counsel for Netflix

in the course of discovery in this case.

64. I received *Amendment 1* to that contract from counsel for Delta Dental in response to a subpoena *duces tecum* which I issued in the course of this case.

65. Netflix marked various parts of the master contract confidential. *See* DASC at 3–6 (everything but most headers).

66. Accordingly, Plaintiff is redacting and filing this document under seal. *See* ECF 144-20, 145.

67. Delta Dental did not mark any part of *Amendment 1* confidential.

**Exhibit 21: Netflix-VSP *Group Vision Care Plan* ("GVCP")**

68. Exhibit 21 is a true and correct copy of the Netflix-VSP GVCP, which I received from counsel for VSP in response to a subpoena *duces tecum* that I issued in the course of this case.

69. VSP has marked pages *21 to 45 of the GVCP confidential.

70. However, during the course of litigation, Netflix de-designated the confidentiality of the entire document except as to pricing on *35.

71. Plaintiff is not filing this document under seal.

**Exhibit 22: Confirmation of Summary Plan Description ("CSPD")**

72. Exhibit 22 is a true and correct copy of a CSPD signed by Dana Armanino on May 3, 2021 on behalf of Netflix, which I received from counsel for Netflix in the course of discovery during this case.

**Exhibit 23: Preventive Care Guide ("PCG") [SEAL]**

73. Exhibit 23 is a true and correct copy of the PCG issued by Collective Health, which I received from counsel for Collective Health in response to a subpoena *duces tecum* that I issued in the course of this case.
74. Collective Health has marked the PCG "Confidential Pursuant to Protective Order."
75. Accordingly, Plaintiff is filing this document under seal. *See* ECF 144-23, 145.

**Exhibit 24: Prior Authorization List ("PAL")**

76. Exhibit 24 is a true and correct copy of the PAL I received from Anthem by downloading it from Anthem's website.

**Exhibit 25: 2020 Anthem TPA/UM CM Client Profile Medical Management Form ("MMF") [SEAL]**

77. Exhibit 25 is a true and correct copy of the 2020 MMF issued by Anthem, which I received from counsel for Anthem in response to a subpoena *duces tecum* that I issued in the course of this case.
78. Anthem has marked the 2020 MMF confidential.
79. Accordingly, Plaintiff is filing this document under seal. *See* ECF 144-25, 145.

**Exhibit 26: 2022 Anthem TPA/UM CM Client Profile Medical Management Form ("MMF") [SEAL]**

80. Exhibit 26 is a true and correct copy of the 2022 MMF issued by Anthem, which I received from counsel for Anthem in response to a subpoena *duces tecum* that I issued in the course of this case.
81. Anthem has marked the 2022 MMF confidential.
82. Accordingly, Plaintiff is filing this document under seal. *See* ECF 144-26, 145.


Balloun Law Professional Corporation
o.shane@ballounlaw.com
(360) 318-7778

**Exhibit 27: Anthem Grievances & Appeals for Health Plan Members Policy [SEAL]**

83. Exhibit 27 is a true and correct copy of the *Grievances & Appeals for Health Plan Members Policy* issued by Anthem, which I received from counsel for Anthem in response to a subpoena *duces tecum* that I issued in the course of this case.
84. Anthem has marked this document confidential.
85. Accordingly, Plaintiff is filing this document under seal. *See* ECF 144-27, 145.

**Exhibit 28: Enterprise Grievances and Appeals Operational Guideline [SEAL]**

86. Exhibit 28 is a true and correct copy of the *Enterprise Grievances and Appeals Operational Guideline* issued by Anthem, which I received from counsel for Anthem in response to a subpoena *duces tecum* that I issued in the course of this case.
87. Anthem has marked this document confidential.
88. Accordingly, Plaintiff is filing this document under seal. *See* ECF 144-28, 145.

**Exhibit 29: Anthem Utilization Review Process [SEAL]**

89. Exhibit 29 is a true and correct copy of the *Utilization Review Process* issued by Anthem, which I received from counsel for Anthem in response to a subpoena *duces tecum* that I issued in the course of this case.
90. Anthem has marked this *Utilization Review Process* confidential.
91. Accordingly, Plaintiff is filing this document under seal. *See* ECF 144-29, 145.

**Exhibit 30: 2020 Netflix HSA SPD**

92. Exhibit 30 is a true and correct copy of the 2020 Netflix HSA summary plan description for the Netflix Plan, which I received from counsel for Netflix in the course of discovery in this case.


Balloun Law Professional Corporation
o.shane@ballounlaw.com
(360) 318-7778

**Exhibit 31: 2020 Delta Dental Employee Benefit Booklet**

93. Exhibit 31 is a true and correct copy of the 2020 Delta Dental Employee Benefit Booklet for the Netflix Plan, which I received from counsel for Netflix in the course of discovery in this case.

**Exhibit 32: 2020 Delta Dental Employee Benefit Booklet**

94. Exhibit 32 is a true and correct copy of the 2020 VSP Evidence of Coverage & Disclosure Form for the Netflix Plan, which I received from counsel for Netflix in the course of discovery in this case.

**Exhibit 33: 2021 Netflix HSA Summary of Benefits and Coverages ("SBC")**

95. Exhibit 33 is a true and correct copy of the 2021 Netflix HSA SBC, which I received from counsel for Netflix in the course of discovery in this case.

**Exhibit 34: 2021 Delta Dental Plan Highlights**

96. Exhibit 34 is a true and correct copy of the 2021 Delta Dental Plan Highlights, which I received from counsel for Netflix in the course of discovery in this case.

**Exhibit 35: Vision Benefits Summary**

97. Exhibit 35 is a true and correct copy of the Vision Benefits Summary, which I received from counsel for Netflix in the course of discovery in this case.

**Exhibit 36: 2021 Netflix HSA SPD**

98. Exhibit 36 is a true and correct copy of a 2021 Netflix HSA summary plan description for the Netflix Plan, which I received from counsel for Collective Health in response to a subpoena *duces tecum* I issued in the course of this case.

**Exhibit 37: Expert Report of Marcia S. Wagner [SEAL]**

99. On March 21, 2022 at 3:45 p.m., Raerani Reddy, counsel for Netflix sent me an email with one document attachment comprising two instruments, *Defendant Netflix, Inc.'s Designation of Marcia Wagner as a Trial Expert* and the *Expert Report of Marcia S. Wagner* (collectively, the "Wagner Report").

100. The predicate *Daubert* Motion to Exclude Expert Opinion Testimony of Marcia S. Wagner (the "Motion") seeks to exclude the Wagner Report and any further testimony by its author, Marcia S. Wagner, from consideration in this case.

101. Netflix marked the Wagner Report as *Attorney's Eyes Only: Confidential*.

102. Accordingly, Plaintiff is filing this document under seal. *See* ECF 144-37, 145.

**Exhibit 38: Transcript of Deposition of Marcia S. Wagner (Apr. 18, 2022)**

103. Meanwhile, I deposed Marcia S. Wagner on April 18, 2022.

104. The certified mini transcript of her deposition is filed herewith at ECF 144-38.

105. Ms. Wagner made corrections to the transcript and then affirmed the veracity of her testimony by affidavit, noting such corrections, on April 27, 2021.

106. Exhibit 38 is a true and correct mini (4-quadrant) copy of the certified transcript of the deposition, with the original index truncated from the document and Ms. Wagner's corrections appended.

**Exhibit 39: Cosmetic Surgery List [SEAL]**

107. Exhibit 39 is a true and correct copy of the cosmetic surgery list I received from Anthem in response to a subpoena *duces tecum* I issued in this case.

108. This document is incorporated by reference by the MMFs. *See* Exs. 25–26.

109. Anthem marked the cosmetic surgery list as confidential.

110. Accordingly, Plaintiff is filing this document under seal. *See* ECF 144-39, 145.

DATED: JUNE 27, 2022

SIGNED AT: BELLINGHAM, WASHINGTON

By: /s/ *O. Shane Balloun*
O. Shane Balloun (CalBar #281175)
Attorney for Plaintiff Mark Zavislak