Christopher Rillo (SBN 112009)
christopher.rillo@bakerbotts.com
BAKER BOTTS LLP
101 California Street, Suite 3600
San Francisco, California 94111
Telephone: (415) 291-6200
Facsimile: (415) 291-6300

Catherine A. Scott (SBN 334420)
catherine.scott@bakerbotts.com
BAKER BOTTS LLP
1001 Page Mill Road, Bldg. One Suite 200
Palo Alto, California 94304
Telephone: (650) 739-7500
Facsimile: (650) 739-7699

Raerani Reddy (SBN 340475)
rani.reddy@bakerbotts.com
BAKER BOTTS LLP
101 California Street, Suite 3600
San Francisco, California 94111
Telephone: (415) 291-6200
Facsimile: (415) 291-6300

*Counsel for Defendant*
*Netflix, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| Mark Zavislak,<br><br>Plaintiff,<br><br>v.<br><br>Netflix, Inc.,<br><br>Defendant. | Case No. 5:21-cv-01811-EJD<br><br>**DEFENDANT NETFLIX, INC.'S ANSWERS AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES** |

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Netflix, Inc. ("Defendant" or "Netflix"), by and through undersigned counsel, answers and objects to Plaintiff Mark Zavislak's ("Plaintiff") Third Set of Interrogatories (Nos. 13–25). The answers and objections are based upon information presently available to, and identified by, Netflix after reasonable inquiry. As discovery proceeds, facts, information, evidence, documents, and things may be discovered that are not set forth in this response and that may be responsive to these Interrogatories. Netflix reserves the right to amend or supplement these answers to the fullest extent allowable under the Federal Rules of Civil Procedure.

Specific objections to each of these Interrogatories are made on an individual basis in the responses below. In addition to these specific objections, Netflix makes certain objections applicable to each Interrogatory and/or Interrogatories as a whole ("General Objections"). These Objections are hereby incorporated by reference into the responses made with respect to each separate Interrogatory. For particular emphasis and clarity, Netflix has, from time to time, expressly included one or more of the General Objections applicable to all interrogatories in certain of its answers below.

The specific responses and objections set forth below are based upon Netflix's interpretation of the language used in the Interrogatories, and Netflix reserves the right to amend or supplement its responses and objections in the event that Plaintiff asserts an interpretation that differs from Netflix's interpretation. Netflix reserves all objections or other questions as to the competency, relevance, materiality, privilege, or admissibility as evidence in any subsequent proceeding in or trial of this or any other action for any purpose of Netflix's responses herein and any document or thing identified or provided in response to the requests.

Subject to the foregoing, Netflix responds and objects as follows:

## GENERAL OBJECTIONS

Netflix makes the General Objections incorporated herein to each of Plaintiff's First Set of Interrogatories, and expressly incorporates each of them into the specific responses set forth below:

1. Netflix object to Plaintiff's Interrogatories to the extent they are vague, ambiguous, or susceptible to more than one interpretation.

2. Netflix objects to Plaintiff's Interrogatories as seeking information not relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible information. Netflix objects to the Requests to the extent that they seek discovery of information or documents that is not relevant to any claim or defense raised in this action, beyond the scope of the operative complaint, and/or not proportional to the needs of the case.

3. Netflix objects to Plaintiff's Interrogatories to the extent they are not narrowly tailored.

4. Netflix objects to Plaintiff's Interrogatories to the extent they call for information that are not already in the possession, custody, or control of Netflix.

5. Netflix objects to Plaintiff's Interrogatories to the extent they seek information and documents not created or maintained in the ordinary course of business.

6. Netflix objects to each request to the extent that it seeks information that is privileged under the attorney-client privilege or work product doctrine, or any other applicable privilege or immunity. Nothing contained in these Objections is intended or should be construed as a waiver of the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or protection. Netflix will not produce any privileged documents.

7. Netflix objects to each request to the extent it exceeds the scope of discovery delineated in Fed.R.Civ.P. 26(b)(1), which limits discovery to nonprivileged matters that are relevant to the issues of the case and proportional to the needs of the case. Plaintiff has pleaded a limited claim which alleges that Netflix allegedly did not produce all Plan documents required under the Employee Retirement Income Security Act of 1974 ("ERISA") section 104 and that Netflix is purportedly not operating the Netflix, Inc. Health and Welfare Benefits Plan ("Plan") in accordance with written documents. Many of Plaintiff's requests exceed the scope of discovery because they seek information which is not relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence nor relevant to the parties' claims or defenses.

8. Netflix objects to Plaintiff's Interrogatories to the extent they seek documents and information not limited in time as not proportional to the needs of the case.

9. Netflix objects to Plaintiff's Interrogatories to the extent they seek confidential and/or proprietary business information of third parties. Netflix will not disclose third-party confidential information without the necessary consents from any such third-party. Netflix will also not search for or produce information not in its possession, custody, or control or that is more readily accessible through other sources.

10. Netflix objects to Plaintiff's Interrogatories to the extent they are vague, overly broad and impose an undue burden and are not proportional to the needs of the case, including to the extent they seek information (a) that is publicly available, (b) that is obtainable from another source that is more convenient, less burdensome, or less expensive; or (c) that is in the possession, custody, or control of Plaintiff. The answers and objections are based upon information presently available to, and identified by, Netflix after reasonable inquiry. As discovery proceeds, facts, information, evidence, documents, and things may be discovered that are not set forth in this response and that may be responsive to these Interrogatories. Netflix reserves the right to amend or supplement these answers to the fullest extent allowable under the Federal Rules of Civil Procedure.

11. Netflix objects to the Plaintiffs' Instructions and Definitions and to the requests to the extent they purport to impose any discovery obligation greater than or different from those under the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, or beyond any discovery limitations imposed by the Court.

**RESPONSES TO PLAINTIFF MARK ZAVISLAK'S INTERROGATORIES**

**INTERROGATORY NO. 13.**

If you contend that the Group Vision Care Plan (Netflix_00582–00626) is not a contract or other instrument under which the Plan is established or operated at any time on or after January 1, 2021, please state all facts and identify all documents in support of that contention.

**ANSWER AND OBJECTION TO INTERROGATORY NO. 13.**

Netflix incorporates its general objections. Netflix further objects to this Interrogatory to the extent it seeks a legal conclusion. Subject to these objections and without waiver of same, Netflix responds as follows:

The phrase "contract, or other instruments under which the plan is established or operated" is found in ERISA section 104; 29 U.S.C. §1024(b)(4) ("section 104"), which governs this action. The Ninth Circuit has interpreted the phrase "contract, or other instruments under which the plan is established or operated" holding that the statutory phrase is limited and does not apply to each and every contract entered under which the plan is operated. The Ninth Circuit has uniformly found that the purpose of section 104 is to provide a participant or beneficiary with the basic documents that govern the plan and her benefits. *Hughes Salaried Retirees Action Comm. v. Adm'r of Hughes*, 72 F.3d 686, 690 (9th Cir. 1995); *see Bd. of Trustees of the CWA/ITU Negotiated Pension Plan v. Weinstein*, 107 F.3d 139, 143 (2d Cir. 1997) ("Thus, interpreting the clause 'other instruments under which the plan is established or operated' as being related to the categories of documents specifically listed in § 104(b)(4) further supports our view that that clause was meant to refer to formal documents that govern the plan, not to all documents by means of which the plan conducts operations.").

Courts have concluded that the purpose is not to inform the participants of all third-party contracts or documents concerning the entire governing system, but rather to adequately "inform Plaintiffs of their benefits under the plan." *Penwell, et al, v. Providence Health & Services*, No. 2:19-CV-01786-RAJ, 2021 WL 1222663, at *4 (W.D. Wash. Mar. 31, 2021). The Ninth Circuit narrowly interprets section 1024(b)(4) (section 104) disclosure requiring only those documents that allow a participant to "know[] exactly where [s]he stands with respect to the plan." *Corby v.*

*Unum Life Ins. Co. of Am.*, 2010 WL 3768040 at *23–24 *citing Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 at 118.

Claims policies, procedures and documents do not have to be provided in response to a section 104 requests. The disclosure of these documents are governed separately by ERISA 503, 29 CFR § 2560.503-1 and related claims regulations.

Under Ninth Circuit law, the only possible provisions of the Group Vision Care Plan that could be applicable are the benefits, as opposed to claim provisions, which are stated in the Plan and every benefit provision is already reflected in the Evidence of Coverage, which is an independent contract that provides benefits to participants. Group Vision Care Plan (Netflix_00582–00626) is a plan document but is not a contract that needs to be conveyed to a participant in response to a section 104 request under Ninth Circuit law.

The items which VSP witness, Melissa Bass, identified in her deposition from the Group Vision Care Plan were all related to claims: (1) A participant has 365 days to submit a claim (Bass Dep 37:5-9); (2) A participant who is not reasonably able to submit a claim within the required 365 days may still submit the claim within the year. (Bass Dep. 38:2-8); (3) A participant has six years to file legal action against VSP for non-provision of benefits. (Bass Dep. 39:14).

Ms. Bass testified that the Group Vision Care Plan is a binding agreement between VSP and Netflix, and the evidence of coverage contains the member benefits and the covered person should not need the Group Vision Care Plan. (Bass Dep. 96:9-11).

Each of these provisions in the Group Vision Care Plan relate to claims which is governed by ERISA section 503. The Group Vision Care Plan is not required to be provided pursuant to section 104 request but are subject to a participant who may request such documents if he or she has filed a claim and received an adverse determination on a claim. 29 CFR § 2560.503-1.

Plaintiff here has not filed any claim, nor has he received an adverse determination.

**INTERROGATORY NO. 14**

If you contend that the Administrative Services Agreement for Jointly Administered Arrangements (Netflix_00432–00471) is not a contract or other instrument under which the Plan is established or operated at any time on or after January 1, 2021, please state all facts and identify

all documents in support of that contention.

**ANSWER AND OBJECTION TO INTERROGATORY NO. 14**

Netflix incorporates its general objections. Netflix further objects to this Interrogatory to the extent it seeks a legal conclusion. Subject to these objections and without waiver of same, Netflix responds as follows:

Pursuant to Federal Rule of Civil Procedure 33(d), Netflix incorporates into its answer to Interrogatory No. 13. Administrative Services Agreement for Jointly Administered Arrangements (Netflix_00432–00471) is a plan document but is not a contract that needs to be conveyed to a participant in response to a section 104 request under Ninth Circuit law.

Anthem's Administrative Services Agreement for Jointly Administered Arrangements delineates services it provides to Netflix. Anthem leases computer networks and plan provider services, provides claims utilization to Collective Health's claims review. These services all relate to claims and computer services and is entirely inapplicable to the provision of benefits.

The Administrative Services Agreement for Jointly Administered Arrangements is not required to be provided pursuant to section 104 request but are subject to a participant who may request such documents if he or she has filed a claim and received an adverse determination on a claim. 29 CFR § 2560.503-1.

Plaintiff here has not filed any claim, nor has he received an adverse determination.

**INTERROGATORY NO. 15**

If you contend that the Collective Health Benefit Services Agreement (Netflix_00478–00543) is not a contract or other instrument under which the Plan is established or operated at any time on or after January 1, 2021, please state all facts and identify all documents in support of that contention.

**ANSWER AND OBJECTION TO INTERROGATORY NO. 15**

Netflix incorporates its general objections. Netflix further objects to this Interrogatory to the extent it seeks a legal conclusion. Pursuant to Federal Rule of Civil Procedure 33(d), Netflix incorporates into its answer to Interrogatory Nos. 13 and 14. Collective Health Benefit Services Agreement (Netflix_00478–00543) is a plan document but is not a contract that needs to be

conveyed to a participant in response to a section 104 request under Ninth Circuit law. Subject to these objections and without waiver of same, Netflix responds as follows:

The Collective Health Benefit Services Agreement includes information on claims, duties of Collective Health, payment of claims, member support, PBM agreement and Netflix's responsibility to pay for claims. There is no information on benefits per se, what benefit would be provided to a participant. This agreement handles all business to business dealings between Netflix and Collective Health. The agreement does is inapplicable to the provision of benefits for a participant.

The Collective Health Benefit Services Agreement is not required to be provided pursuant to section 104 request but are subject to a participant who may request such documents if he or she has filed a claim and received an adverse determination on a claim. 29 CFR § 2560.503-1.

Plaintiff here has not filed any claim, nor has he received an adverse determination.

**INTERROGATORY NO. 16**

If you contend that the Dental Administrative Services Contract (Netflix_00544–00581) is not a contract or other instrument under which the Plan is established or operated at any time on or after January 1, 2021, please state all facts and identify all documents in support of that contention.

**ANSWER AND OBJECTION TO INTERROGATORY NO. 16.**

Netflix incorporates its general objections. Netflix further objects to this Interrogatory to the extent it seeks a legal conclusion. Pursuant to Federal Rule of Civil Procedure 33(d), Netflix incorporates into its answer to Interrogatory Nos. 13, 14, and 15. Dental Administrative Services Contract (Netflix_00544–00581) is a plan document but is not a contract that needs to be conveyed to a participant in response to a section 104 request under Ninth Circuit law. Subject to these objections and without waiver of same, Netflix responds as follows:

The Dental Administrative Services Contract includes the Employee Benefit Booklet included in Appendix B. All other information in the Dental Administrative Services Contract is business dealings between Delta Dental and Netflix.

The Dental Administrative Services Contract is not required to be provided pursuant to

section 104 request but are subject to a participant who may request such documents if he or she has filed a claim and received an adverse determination on a claim. 29 CFR § 2560.503-1.

Plaintiff here has not filed any claim, nor has he received an adverse determination.

**INTERROGATORY NO. 17.**

If you contend that the Preventive Care Guidebook (CH 000021–000080) is not or was never an instrument under which the Plan is or was established or operated at any time on or after January 1, 2021, please state all facts and identify all documents in support of that contention.

**ANSWER AND OBJECTION TO INTERROGATORY NO. 17.**

Netflix incorporates its general objections. Netflix objects to this Interrogatory for exceeding the scope of discovery by seeking information or documents that are not relevant to any claim or defense raised in this action, beyond the scope of the operative complaint, beyond the relevant time period, and/or not proportional to the needs of the case. Subject to these objections and without waiver of same, Netflix responds as follows:

Under SPD regulations, pertaining to health plans, a health plan may incorporate by reference documents that are lengthy statements of claims or conditions. 29 CFR § 2520.102-3(j)(2) ("In the case of a welfare plan providing extensive schedules of benefits (a group health plan, for example), only a general description of such benefits is required if reference is made to detailed schedules of benefits which are available without cost to any participant or beneficiary who so requests.").

Netflix delegated to Collective Health the responsibility to administer the Plan and the Preventive Care Guidebook is a document Collective Health authored and makes available to participants. In fact, Plaintiff was able to call Collective Health and obtained the document directly from them. Collective Health provides the Preventive Care Guidebook upon request for no fee. Plaintiff obtained the Preventive Care Guidebook upon request for no fee.

**INTERROGATORY NO. 18**

If you contend that the Anthem Local PPO Precertification/Prior Authorization List (Zavislak-000637–000802) is not or was never an instrument under which the Plan is or was established or operated at any time on or after January 1, 2021, please state all facts and identify

all documents in support of that contention.

**ANSWER AND OBJECTION TO INTERROGATORY NO. 18.**

Netflix incorporates its general objections. Netflix objects to this Interrogatory for exceeding the scope of discovery by seeking information or documents that are not relevant to any claim or defense raised in this action, beyond the scope of the operative complaint, beyond the relevant time period, and/or not proportional to the needs of the case. Netflix incorporates into its answer to Interrogatory No. 17. Subject to these objections and without waiver of same, Netflix responds as follows:

Netflix delegated to Anthem the authorization to develop with Anthem Local PPO Precertification/Prior Authorization List, which is incorporated into the SPD pursuant to the SPD regulations.

**INTERROGATORY NO. 19**

If you contend that the Group Vision Care Plan Evidence of Coverage & Disclosure Form (VSP-NET-000068–000089) is not or was never an instrument under which the Plan is or was established or operated at any time on or after January 1, 2021, please state all facts and identify all documents in support of that contention.

**ANSWER AND OBJECTION TO INTERROGATORY NO. 19.**

Netflix incorporates its general objections. Netflix objects that this Interrogatory is vague, ambitious, and nonsensical in light of ERISA and statutory authority. Subject to these objections and without waiver of same, Netflix responds as follows:

Netflix incorporates its response to Interrogatory Nos. 13, 14, 15 & 16. ERISA section 104 and the term Summary Plan Description ("SPD") should be construed as written. The SPD, Group Vision Care Plan Evidence of Coverage & Disclosure Form (VSP-NET-000068–000089), is established and promulgated for the Plan and describes the vision benefits that are provided.

**INTERROGATORY NO.20.**

Please identify all facts and identify all documents that relate to how you ensure that the Plan is run in accordance with the currently operative, governing plan documents including any procedure for obtaining new amendments as quickly as possible or weeding out defective

documents or amendments.

**ANSWER AND OBJECTION TO INTERROGATORY NO. 20.**

Netflix incorporates its general objections. Netflix objects to Interrogatory No. 20 because the phrase "obtaining new amendments as quickly as possible or weeding out defective documents or amendments" is vague and ambitious. Subject to these objections and without waiver of same, Netflix responds as follows:

The Netflix Plan is operated in accordance with its written documents. No amendments or material modifications occurred during the relevant period of time from 2020-2021 with regard to any changes in plan. Netflix has complied fully with all regulations. Netflix complies fully with applicable regulatory authority in modifying its Plan documents and publishing accordingly.

**INTERROGATORY NO. 21**

If you, as Plan administrator, contend that you may operate the Plan in accordance with ERISA by providing participants or beneficiaries documents that do not contain all the material terms of the Plan, please identify all facts, identify all documents, and identify all legal arguments in support of this contention.

**ANSWER AND OBJECTION TO INTERROGATORY NO. 21.**

Netflix incorporates its general objections. Netflix further objects to this Interrogatory to the extent it seeks a legal conclusion. Netflix further objects to this Interrogatory because it is argumentative. Subject to these objections, Netflix answers this interrogatory as follows: Netflix fully complies with all statutory and regulatory mandates in operating its Plan.

**INTERROGATORY NO. 22.**

If you, as Plan administrator, contend that you operate the Plan in compliance with 29 U.S.C. § 1104(a)(1)(D)—i.e., allow third-party administrators to discharge their fiduciary duties with respect to the Plan "solely in the interest of the participants and beneficiaries," and "in accordance with the documents and instruments governing the plan,"— when you permit or cause your third-party administrators of the Plan to use Plan documents different from or additional to the documents provided to participants and beneficiaries, please identify all facts, identify all documents, and identify all legal arguments in support of this contention.

**ANSWER AND OBJECTION TO INTERROGATORY NO. 22.**

Netflix incorporates its general objections. Netflix cannot answer this Interrogatory as phrased because it is argumentative, compound, and nonsensical. Netflix fully complies with all statutory and regulatory mandates in operating its Plan.

**INTERROGATORY NO. 23**

If you contend that either the Collective Health Summary Plan Description dated January 1, 2020 (Netflix_00055–00155), or January 1, 2021 (Netflix_00266–Netflix_00374), or both are each a contract or other instrument under which the Plan is or was established or operated at any time on or after January 1, 2021, please state all facts and identify all documents in support of that contention.

**ANSWER AND OBJECTION TO INTERROGATORY NO. 23**

Netflix incorporates its general objections. Netflix further objects that this interrogatory is vague and ambitious. Netflix objects to the phrase "contract or other instrument under which the Plan is or was established or operated." The phrase comes from ERISA section 104 which defines a Summary Plan Description separately and should be construed as written.

The Collective Health Summary Plan Description dated January 1, 2020 (Netflix_00055–00155), or January 1, 2021 (Netflix_00266–Netflix_00374) are SPDs. Pursuant to Fed. R. Civ. P. 33(d), Netflix includes the documents identified at Bates Numbers (Netflix_00055–00155) and (Netflix_00266–Netflix_00374) as fully responsive to this interrogatory.

**INTERROGATORY NO. 24**

If you contend that either the Employee Benefit Booklet dated January 1, 2020 (Netflix_00156–00185), or January 1, 2021 (Netflix_00375–Netflix_00396), or both are each a contract or other instrument under which the Plan is or was established or operated at any time on or after January 1, 2021, please state all facts and identify all documents in support of that contention.

**ANSWER AND OBJECTION TO INTERROGATORY NO. 24**

Netflix incorporates its general objections. Netflix incorporates its response to Interrogatory No. 23. Netflix further objects that this interrogatory is vague and ambitious. Netflix

objects to the phrase "contract or other instrument under which the Plan is or was established or operated." The phrase comes from ERISA section 104 which defines a Summary Plan Description separately and should be construed as written.

The Employee Benefit Booklet dated January 1, 2020 (Netflix_00156–00185), or January 1, 2021 (Netflix_00375–Netflix_00396) are SPDs and also contractual obligations of the service providers. Pursuant to Fed. R. Civ. P. 33(d), Netflix includes the documents identified at Bates Numbers (Netflix_00156–00185) and (Netflix_00375–Netflix_00396) as fully responsive to this interrogatory.

**INTERROGATORY NO. 25**

If you contend that either the Group Vision Care Plan dated January 1, 2020 (Netflix_00186–00207), or January 1, 2021 (Netflix_00397–Netflix_00420), or both are each a contract or other instrument under which the Plan is or was established or operated at any time on or after January 1, 2021, please state all facts and identify all documents in support of that contention.

**ANSWER AND OBJECTION TO INTERROGATORY NO. 25**

Netflix incorporates its general objections. Netflix incorporates its response to Interrogatory No. 23 and 24. Netflix further objects that this interrogatory is vague and ambitious. Netflix objects to the phrase "contract or other instrument under which the Plan is or was established or operated." The phrase comes from ERISA section 104 which defines a Summary Plan Description separately and should be construed as written.

The Group Vision Care Plan dated January 1, 2020 (Netflix_00186–00207), or January 1, 2021 (Netflix_00397–Netflix_00420) are SPDs and also contractual obligations of the service providers. Pursuant to Fed. R. Civ. P. 33(d), Netflix includes the documents identified at Bates Numbers (Netflix_00186–00207) and (Netflix_00397–Netflix_00420) as fully responsive to this interrogatory.

Respectfully submitted and signed as to all objections,

DATED: February 28, 2022

BAKER BOTTS LLP

By: /s/ *Christopher Rillo*

Christopher Rillo (SBN 112009)
christopher.rillo@bakerbotts.com
BAKER BOTTS LLP
101 California Street, Suite 3600
San Francisco, California 94111
Telephone: (415) 291-6200
Facsimile: (415) 291-6300

Catherine A. Scott (SBN 334420)
catherine.scott@bakerbotts.com
BAKER BOTTS LLP
1001 Page Mill Road, Bldg. One Suite 200
Palo Alto, California 94304
Telephone: (650) 739-7500
Facsimile: (650) 739-7699

Raerani Reddy (SBN 340475)
rani.reddy@bakerbotts.com
BAKER BOTTS LLP
101 California Street, Suite 3600
San Francisco, California 94111
Telephone: (415) 291-6200
Facsimile: (415) 291-6300

*Counsel for Defendant*
*Netflix, Inc.*

**VERIFICATION**

I, Dana Armanino, under penalty of perjury under the law of the State of California in the United States, declare that I am an employee, Benefit Manager, of Netflix, Inc. and I am authorized to sign this verification on its behalf.

I have read the foregoing Defendant Netflix, Inc.'s Response to Plaintiff's First Set of Interrogatories and declare that the answers thereto are true to the best of my knowledge, information and belief. I declare that the foregoing is true and correct.

Executed on February 28, 2022, 2022 at San Francisco, California.

DocuSigned by:
32993AA1D3594E7...

Dana Armanino

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that all counsel of record who are deemed to have consented electronic services are being served with a copy of this document via email on February 28, 2022.

O. Shane Balloun (CalBar #281175)
Balloun Law Professional Corporation
355 Harris Avenue, Suite 201
Bellingham, Washington 98225
(360) 318-7778 | (206) 501-3073
(360) 483-5960 (fax)
Email: o.shane@ballounlaw.com

*/s/ Christopher Rillo*
Christopher Rillo