Christopher Rillo (SBN 112009)
christopher.rillo@bakerbotts.com
**BAKER BOTTS LLP**
101 California Street, Suite 3600
San Francisco, California 94111
Telephone: (415) 291-6200
Facsimile: (415) 291-6300

Catherine A. Scott (SBN 334420)
catherine.scott@bakerbotts.com
**BAKER BOTTS LLP**
1001 Page Mill Road, Bldg. One Suite 200
Palo Alto, California 94304
Telephone: (650) 739-7500
Facsimile: (650) 739-7699

Raerani Reddy (SBN 340475)
rani.reddy@bakerbotts.com
**BAKER BOTTS LLP**
101 California Street, Suite 3600
San Francisco, California 94111
Telephone: (415) 291-6200
Facsimile: (415) 291-6300

*Counsel for Defendant Netflix, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

Mark Zavislak,

Plaintiff,

v.

Netflix, Inc.,

Defendant.

Case No. 5:21-cv-01811-EJD

**DEFENDANT NETFLIX, INC.'S STATEMENT IN SUPPORT OF PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED AND IN OPPOSITION TO PLAINTIFF'S PROPOSED ORDER PURSUANT TO CIVIL L.R. 79-5**

Judge: Hon. Edward J. Davila
Courtroom: 4 – 5th Floor

## I. INTRODUCTION

Defendant Netflix, Inc. ("Netflix") files this Statement in response to Plaintiff Mark Zavislak's ("Plaintiff") *Administrative Motion to Consider Whether Another Party's Material Should Be Sealed* ("Motion to Consider"), Dkt. No. 145, Plaintiff's Exhibits 7, 8, 14, 19, 20, 23, 25, 26, 27, 28, 29, 37, and 39. (Dkt. Nos. 144-7, 8, 14, 19, 20, 23, 25, 26, 27, 28, 29, 37, and 39) and Plaintiff's contradictory *Proposed Order Denying Plaintiff's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed* ("Proposed Order"), Dkt. No. 145-1.

When analyzed, Plaintiff's Motion to Consider and Proposed Order wholly circumvents the Stipulated Protective Order ("Protective Order") that governs the documents, information, and items produced through disclosures and discovery. *See* Dkt. No. 64. Further, Plaintiff's Proposed Order and cursory statements in his Motion to Consider effectively propose that the Court deny the confidential protections afforded to these documents. Pursuant to the Protective Order, Netflix and Third Parties have narrowly tailored their confidentiality designations to properly protect their interests. Yet, without explaining to the Court, Netflix, or Third Parties why, Plaintiff baldly proposes that the Court strip the documents' protections and file them unsealed. *See* Dkt. No. 145, 3:14-16 ("Although the Filing Party is obligated to file this motion, Plaintiff notes *ex abundanti cautela* that he does not believe any of the documents listed should be sealed, despite whatever confidentiality designations the Designating Parties may have given them.").

Notwithstanding Plaintiff's attempted circumvention of the Protective Order, and consistent with L.R. 79-5 and this Court's standing order, included are (1) declarations from third-party providers Delta Dental and Collective Health stating the harm that would occur if Plaintiff's Proposed Order were to be denied and (2) a proposed order specifying the narrowly tailored positions sought for sealing, the underlying compelling reason justifying such sealing, and the evidence supporting that sealing.

///

///

///

Based on Plaintiff's attempt to run-around the protective order, and noting that the confidential designations are proper, the Court should summarily SEAL Plaintiff's Exhibits and DENY Plaintiff's Proposed Order and GRANT Defendant Netflix's Proposed Order.

## II. ARGUMENT

### A. Plaintiff Circumvented the Provisions of the Proposed Order that Govern Challenges to Confidentiality Designations

The confidentiality of all of the Exhibits in Plaintiff's Mot. to Consider except Ex. 23. Preventive Care Guide ECF 144-23, 145-7, is governed by the Protective Order entered into this case by the Court on September 21, 2021. *Stipulated Protective Order for Standard Litigation*. Dkt. No. 64. This Protective Order allows parties and non-parties to designate documents, information, and items produced during disclosure and discovery activity as confidential. *See id.,* 2:03-04. This Protective Order has a mechanism for the parties to object to confidentiality designations of opposing parties and non-parties. *See id.*, 5:14-6:26. This mechanism requires first that the Challenging Party "provid[e] written notice of each designation it is challenging and describing the basis for each." *Id.*, 5:22-23. Next, the Challenging Party must attempt to initiate a meet and confer process and is forbidden to seek judicial intervention until after a meet and confer. *See id.*, 5:21-6:05.

Plaintiff has previously objected to the confidentiality provisions in Exhibits 19 and 20 through the proper mechanism of a meet and confer and discovery letter adjudicated by Judge Cousins. *See* Dkt. Nos. 72, 79, 80, 84, 85. Judge Cousins set forth his ruling upholding the majority of the designated confidentiality in the Court's *Order Re: Defendant's Confidentiality Designations and Plaintiff's Motion to Seal*. *See* Dkt. No. 85. Yet Plaintiff now requests this Court to reconsider these previously adjudicated documents, strip the confidential provisions, and file these documents publicly and without seal from the public with no support or explanation. Rillo Decl. ¶ 9, Collective Health Decl. ¶ 11, and Delta Dental Decl. ¶ 9.

Plaintiff has not previously objected to any of the confidentiality provisions or designations in Exhibits 7, 8, 14, 25, 26, 27, 28, 29, 37, and 39. *See* Dkt. No. 145, Rillo Decl. ¶ 4, Delta Dental Decl. ¶ 7, and Anthem Decl. ¶ 10. He has not provided a written notice, nor requested any meet and confer, nor followed the proper challenging mechanism as set forth by the governing Protective Order. Rillo Decl. ¶¶ 4, 6, and 7, Collective Health Decl. ¶ 9, Delta Dental Decl. ¶ 7, and Anthem Decl. ¶ 5. Exhibit 14 discusses previously upheld confidentiality designations from Exhibit 20 and Exhibit 37 discusses previously upheld confidentiality designations from Exhibits 19 and 20. Rillo Decl. ¶ 8. Instead, Plaintiff attempts to circumvent the mandatory process by directly proposing to the Court that it deny the confidentiality provisions designated by parties and non-parties and unseal the documents without allowing for proper adjudication of Plaintiff's confidentiality challenges. Moreover, Plaintiff sets forth no argument or support as to why the Court should strip the protections from these documents and file them without seal.

Based on Plaintiff's attempt to run-around the protective order, the Court should summarily SEAL Plaintiff's Exhibits and DENY Plaintiff's Proposed Order.

### B. The Exhibits Should Be Filed Under Seal Because They Contain Business Information That May Harm Netflix and Third Parties

Notwithstanding Plaintiff's circumvention of the proper avenue to dispute confidentiality, or that he requests the Court to strip the confidential protections of the few documents without putting forth any argument or support, Netflix responds pursuant to Civil L.R. 79-5.

Civil Local Rule 79-5(c)(1) requires that the designating party explain in a specific statement the applicable legal standard and the reasons for sealing a document, including "the legitimate private or public interests that warrant sealing," "the injury that will result if sealing is denied," and "why a less restrictive alternative to sealing is not sufficient."

///

Materials may be sealed upon a showing of "compelling reasons." *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006). A party has "compelling reasons" to seal information that would disclose "sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598 (1978). Other examples of compelling reasons include: the use of court records for improper purposes, such as "to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179.

Moreover, a party may request to seal "narrowly tailored . . . sensitive, confidential business information." *Ovonic Battery Co., Inc. v. Sanyo Elec. Co., Ltd*., 2014 WL 2758756, at *4 (N.D. Cal. June 17, 2014). Once a party has shown compelling reasons, the Court should seal the information if the private interests in confidentiality outweigh the public's interest in the information. *Ctr. For Auto Safety v. Chrysler Grp.,* LLC, 809 F.3d 1092, 1097 (9th Cir. 2016).

The documents that Plaintiff requests the Court file without seal concern highly sensitive, confidential, competitive and trade secret information and proprietary and confidential commercial information protected by Fed. R. Civ. P. 26. Rillo Decl. ¶¶ 5-7, Collective Health Decl. ¶¶ 4-7, Delta Dental Decl. ¶¶ 4-6, Armanino Decl. ¶¶ 4, 6, and Anthem Decl. ¶¶ 7. These include not just the documents themselves, but transcripts of depositions, reports, and emails discussing the trade secrets or commercial and business activity. Rillo Decl. ¶¶ 2, 5-7, Delta Dental Decl. ¶¶ 3, 8, and Armanino Decl. ¶¶ 3, 6. If this information were disclosed to the public, it would cause irreparable harm to both Netflix as well it's third-party providers, none of which are parties to this litigation. Collective Health Decl. ¶ 10, Delta Dental Decl. ¶ 8, Armanino Decl. ¶ 5, and Anthem Decl. ¶¶ 7, 9.

First, the public disclosure of such information would harm both Netflix's and the third-party provider's competitive advantage in the market. Exhibits 19 and 20 contain protected information including confidential information relating to pricing, fee structures and context, analytics, business relationships, business and medical management forms, proprietary information, trade secrets, and business and management processes, structure, information, arrangements, agreements, and additional relationships.

Exhibits 25, 26, 27, 28, 29, and 39's would harm Anthem if made public as they have competitors who they compete with in their utilization management practices and customer service practices. Anthem Decl. ¶ 9. Each of the aforementioned exhibits is an internal document that speaks to how Anthem conducts its business. *Id.* Anthem does not share that information with competitors or anyone else, unless forced to do so, as this would be unfair because competitors would have access to years of experience and development documented in these exhibits. *Id.*

The market could act on the information promptly and harm Netflix and the third-party providers' competitive positions. Collective Health Decl. ¶ 10, Delta Dental Decl. ¶ 8, and Armanino Decl. ¶ 5, and Anthem Decl. ¶ 9. Exhibits 7 and 8 contain confidential internal email communication between Netflix employees and with outside counsel. The issue of the communications in Exhibits 7 and 8 have already been litigated. *Order Finding that the Fiduciary Exception Applies to Certain Disputed Communications*. Dkt. No. 136. Though this issue has been determined and participants have a right to these communications, the internal emails are still confidential to all non-participants and public persons for which these documents would be accessible. Rillo Decl. ¶ 7 and Armanino Decl. ¶ 6. Exhibit 37 contains Netflix's expert Marcia Wagner's designation and expert report which refers to confidential documents, particularly Exhibits 19 and 20, throughout the report. Rillo Decl. ¶ 6 and Armanino Decl. ¶ 4. The expert report assesses these documents in relation to industry standards and would provide members of the public access to proprietary information. Rillo Decl. ¶ 6. Such access could significantly harm Netflix and third parties Delta Dental and Collective Health by inadvertently releasing information intended to be confidential that contains trade secrets. Collective Health Decl. ¶ 10, Delta Dental Decl. ¶ 8, Armanino Decl. ¶ 5, and Anthem Decl. ¶ 7.

Secondly, because such disclosure could harm these third-party companies that contract with Netflix, such disclosure would irreparably impair Netflix's ability to develop and maintain relationships with other third parties.

///

///

Next, there is no less restrictive alternative to sealing, as any disclosure of such sensitive and proprietary information would allow the market and competitors to act on it. Any disclosure could irreparably harm Netflix, Collective Health, and Delta Dental's competitive market advantage, as well as harm these parties' business relationships. Considering the potential harms resulting from disclosure of this confidential information, the preservation of these interests provides a compelling reason to seal the above information. *Ctr. For Auto Safety*, 809 F.3d at 1097 (noting that compelling reasons extend to information that might harm a business's competitive standing).

Finally, the private interests in protecting the confidential information outweigh any legitimate public interest in such information. This action is an on-going dispute between a beneficiary and Netflix's Health Plan, both private parties. There is no legitimate public interest in seeing confidential internal business emails or emails with outside counsel of which members of the public are not plan participants and such communications are privileged for. There is no legitimate public interest in referencing business contracts and activities, nor confidential business documents regarding private parties and relationships. The public does not have any legitimate interest in the information Netflix and third parties seek to seal as the information concerns fully confidential business and service arrangements between only Netflix and its third-party providers.

## III. CONCLUSION

Netflix respectfully requests that this Court seal Plaintiff's referenced exhibits that contain confidential and sensitive information that, if disclosed, would cause irreparable financial and reputational harm to Netflix and its third-party providers.

Therefore, Netflix respectfully requests the Court to file Plaintiff's referenced exhibits, except Ex. 23, under seal and GRANT the Plaintiff's Motion to File Under Seal and DENY Plaintiff's Proposed Order.

///

///

///

Respectfully submitted,

DATED: July 5, 2022

By: /s/ *Christopher J. Rillo*

Christopher Rillo (SBN 112009)
christopher.rillo@bakerbotts.com
**BAKER BOTTS LLP**
101 California Street, Suite 3600
San Francisco, California 94111
Telephone: (415) 291-6200
Facsimile: (415) 291-6300

Catherine A. Scott (SBN 334420)
catherine.scott@bakerbotts.com
**BAKER BOTTS LLP**
1001 Page Mill Road, Bldg. One, Suite 200
Palo Alto, California 94304
Telephone: (650) 739-7500
Facsimile: (650) 739-7699

Raerani Reddy (SBN 340475)
rani.reddy@bakerbotts.com
**BAKER BOTTS LLP**
101 California Street, Suite 3600
San Francisco, California 94111
Telephone: (415) 291-6200
Facsimile: (415) 291-6300

*Counsel for Defendant*
*Netflix, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via electronic mail on July 5, 2022.

*/s/ Christopher J. Rillo*
Christopher Rillo