Christopher Rillo (SBN 112009)
christopher.rillo@bakerbotts.com
**BAKER BOTTS LLP**
101 California Street, Suite 3600
San Francisco, California 94111
Telephone: (415) 291-6200
Facsimile: (415) 291-6300

Catherine A. Scott (SBN 334420)
catherine.scott@bakerbotts.com
**BAKER BOTTS LLP**
1001 Page Mill Road, Bldg. One Suite 200
Palo Alto, California 94304
Telephone: (650) 739-7500
Facsimile: (650) 739-7699

Raerani Reddy (SBN 340475)
rani.reddy@bakerbotts.com
**BAKER BOTTS LLP**
101 California Street, Suite 3600
San Francisco, California 94111
Telephone: (415) 291-6200
Facsimile: (415) 291-6300

*Counsel for Defendant*
*Netflix, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| Mark Zavislak,<br><br>Plaintiff,<br><br>v.<br><br>Netflix, Inc.,<br><br>Defendant. | Case No. 5:21-cv-01811-EJD<br><br>**DECLARATION OF DELTA DENTAL IN SUPPORT OF SEALING, FILED PURSUANT TO L.R. 79-5(F)(3)**<br><br>Judge: Hon. Edward J. Davila<br>Courtroom: 4 – 5th Floor |

I, Sharen Stanek-Lowe, Representative of Delta Dental, declare and state as follows:

1. I am a National Account Manager for Delta Dental. I manage our Netflix, Inc. ("Netflix") account and assist with Netflix's needs, including renewals, plan documents, appeals, and grievances.
2. The matters set forth in my declaration herein are based on my personal knowledge, except where otherwise stated, and, in those instances, the matters set forth herein are based on information and belief. If called as a witness, I could and would testify to the matters set forth herein.
3. I make this declaration in support of Netflix Inc.'s ("Netflix") Local Rule 79-5(f)(3) Statement in Support of Administrative Motion to Seal and in Opposition to Plaintiff's Proposed Order and specifically regarding Exhibits 14, Transcript of Deposition of Sharen Stanek-Lowe (Delta Dental) (ECF 144-14 (redacted), 144-15 (unredacted) ("exhibit 14") and 20, Netflix-Delta Dental DASC (ECF No. 144-20 (redacted), 145-6 (unredacted)) ("exhibit 20").
4. This claims administrative agreement is a business agreement between Netflix and Delta Dental, it is not typically provided to participants as it describes confidential information about their business practices, and it is deemed confidential and proprietary.
5. Delta Dental does not typically provide claims administration agreements to plan participants as these documents include confidential information about its business practices.
6. Delta Dental requested that Netflix mark certain portions as confidential, pursuant to *Stipulated Protective Order for Standard Litigation*. Dkt. No. 64 as these portions constitute trade secrets, confidential financial information, proprietary and confidential commercial information, and information protected by Fed. R. Civ. P. 26.
7. Pursuant to the *Stipulated Protective Order for Standard Litigation*, Plaintiff's

counsel should have provided written notice of their intent to challenge these confidentiality designations and attempt to meet and confer with Delta Dental. Dkt. No. 64. To the extent of my knowledge and after confirming with Delta Dental's counsel, Plaintiff's counsel did not object or attempt to meet and confer with Delta Dental or it's counsel regarding this confidentiality challenge.

8. If released to the public, Delta Dental will suffer competitive harm in the marketplace because the information contained within claims administration agreement (exhibit 20) and processes and documents discussed in the 30(b)(6) deposition of Delta Dental (exhibit 14) constitutes proprietary commercial information that governs Delta Dental contracts with other companies and plan sponsors. Delta Dental will further be harmed because public disclosure will potentially permanently relieve information of confidential treatment under other confidentiality agreements of Delta Dental.

9. Delta Dental believed the issue of confidentiality designations was previously challenged and adjudicated in the Court's *Order Re: Defendant's Confidentiality Designations and Plaintiff's Motion to Seal*. Dkt. No. 85 and is perplexed by Plaintiff's attempt to relitigate this issue.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on this 30th day of June in Oakland, CA.

______*Sharen Stanek-Lowe*________________

Sharen Stanek-Lowe