O. Shane Balloun (CalBar #281175)
Balloun Law Professional Corporation
355 Harris Avenue, Suite 201
Bellingham, Washington 98225
(360) 318-7778 | (360) 989-8879
(360) 318-7798 (fax)
o.shane@ballounlaw.com

**Attorney for Plaintiff**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| **Mark Zavislak,**<br><br>PLAINTIFF;<br><br>*v.*<br><br>**Netflix, Inc.,**<br><br>DEFENDANT. | No. 5:21-cv-01811-EJD<br><br>**Plaintiff Mark Zavislak's Response, Pursuant to Civil Local Rule 79-5(f)(4), to Defendant / Designating Party Netflix, Inc.'s Statement ISO Plaintiff's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed**<br><br>**Re: ECF 145, 151** |

Although Plaintiff Mark Zavislak is the "Filing Party" for the purposes of the *Administrative Motion to Consider Whether Another Party's Material Should Be Sealed* ("Motion"), he filed it as a matter of duty under Civil L.R. 79-5(f) "without first learning [the Designating Parties'] contentions as to why these documents should be filed under seal" and hereby opposes Netflix's Designating Party-statement. ECF 145, 151; *see In re NCAA Student-Athlete Name and Likeness Licensing Litigation*, No. C 09-1967 CW (N.D. Cal. Sept. 14, 2012).

**A. Netflix wholly confuses the standard for proper designation of confidentiality under the protective order in this case with the standards applicable to whether leave to file documents under seal should be granted.**

The protective order states in its very first paragraph:

> The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order *does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied* when a party seeks permission from the court to file material under seal.

Stipulated Protective Order for Standard Litigation, ECF 64, § 1 at 1:19–22 (emphasis added); *accord id.* § 12.3 at 10:17–26 ("

> Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, *a Party may not file in the public record in this action any Protected Material.* A Party that seeks to file under seal any Protected Material *must comply with Civil Local Rule 79-5.* Protected Material *may only be filed under seal pursuant* to a court order authorizing the sealing of the specific Protected Material at issue.

" (emphases added)).

Although the protective order governs how parties and nonparties in a case designate and keep material as confidential during the *discovery* phase, because it "does not entitle them to file confidential material under seal," once a party seeks to use any confidentially designated material, he must return to the Court for permission to keep such material under seal. *See* Civil L.R. 79-5(a) ("This local rule applies in all instances where a party seeks to conceal information from the public by filing a document, or portions of a document, under seal.").

Therefore, lacking written permission from the Designating Parties or via a separate court order to file the documents in ECF 145 publicly, Plaintiff appropriately filed a mandatory

administrative motion to seal under Civil Local Rule 79-5(b).

Civil Local Rule 79-5(f) requires a party who is seeking to seal the document of a different party who designated the material as confidential to file an "Administrative Motion to Consider Whether Another Party's Material Should Be Sealed." The motion "must identify each document or portions thereof for which sealing is sought, but the Filing Party need not satisfy the showing required in subsection (c)(1)." *Id.* at 79-5(f)(1).

Instead, each Designating Party bears the burden of proving to the Court why the material it previously designated as confidential to the Filing Party should remain sealed. *Id.* at 79-5(c). This is because "[t]he public has a right of access to the Court's files." *Id.* at 79-5(a).

The Designating Parties here, *i.e.*, Netflix and its co-fiduciaries, have asserted that Plaintiff was required but did not seek to meet and confer with them under the protective order. *See* Decls., ECF 151-1 at ¶¶ 4–5, 151-2 at ¶¶ 3–4, 151-3 at ¶¶ 8–9, 151-5 at ¶ 7. In each instance, they have incorrectly framed Plaintiff's Motion as a challenge to the confidentiality designations under the protective order, erroneously invoking the protective order's notice standards. *Compare* ECF 145, *and* Civil L.R. 79-5; *with* ECF 64, *and* ECF 85. Rather, Netflix and the other Designating Parties bear the separate affirmative burden to articulate the "applicable legal standard and the reasons" why their material should be sealed, which Plaintiff may independently oppose. Civil L.R. 79-5(c)(1); *see id.* at 79-5(f)(4).

In a case on all fours with the issue here, the NCAA contended that "Plaintiffs were required to meet and confer with it prior to filing a challenge to confidentiality designations made under the protective order in this case." *In re NCAA Student-Athlete Name and Likeness Licensing Litigation*. The court rejected the NCAA's argument (indistinguishable from Netflix's argument):

> However, the issue presently before the Court is not whether these documents have been properly designated as confidential pursuant to the protective order. Instead, the issue is whether the Court should grant leave to file the documents under seal instead of in the public record, which is governed by separate standards and requirements.

*Id.* (citing Civil L.R. 79-5(a)). Plaintiff's motion was proper, and having now reviewed the "contentions as to why these documents should be filed under seal" Plaintiff hereby opposes the Designating Parties because they have failed to carry their burden. *See id.*; *id.* at 79-5(f)(4).

### B. The Designating Parties bear the high burden of proof to demonstrate whether sealing is appropriate.

> In the Ninth Circuit—[A] strong presumption in favor of access is the starting point. A party seeking to seal a judicial record . . . bears the burden of overcoming this strong presumption by . . . articulat[ing] compelling reasons supported by specific factual findings that outweigh . . . public policies favoring disclosure.

*Caldwell v. Unitedhealthcare Ins. Co.*, Case No. C-19-02861 (N.D. Cal. Mar. 1, 2021) (Alsup, J.) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006). Furthermore, "A request for sealing must be 'narrowly tailored' and cannot rely on nebulous assertions or boilerplate language." *Id.* (citing Local Rule 79-5(b)).

As shown below, the Designating Parties failed to either carry their burden or narrowly tailor their sealing requests and lumped numerous documents together under the same nebulous, boilerplate assertions. The latter alone warrants denial. *See* Civil L.R. 79-5(f)(6); *Zellmer v. Facebook, Inc.*, Case No. 3:18-cv-01880 (N.D. Cal. Mar. 31, 2022) (observing the "motions to seal requested to seal entire documents, and did not propose ways of tailoring sealing to the narrowest possible scope, as required" and denying a majority of the sealing requests).

As to burden, the documents Plaintiff provisionally filed under seal are either documents that Netflix itself acknowledges are plan documents or at the very least are the precisely the sort of "internal processes and communications" centrally at issue in Plaintiff's dispositive motion, neither of which is appropriate for sealing. *See* Def.'s Answers to Pl.'s 2d Set of Interrogs., Ex. 17, ECF 144-17 at 6:7–8, 6:27–28, 7:21–22 (admitting that each of the agreements designated for sealing are plan documents); *Caldwell* (finding a request to seal an "Administrative Services Agreement [and] non-public policies and procedures … as proprietary fails to meet the compelling reason standard" and that "Proprietary documents such as internal procedures and research summaries will remain public.")

### C. The Designating Parties have failed to meet their burden of proof.

Plaintiff respectfully directs the Court to the following responsive table. In each case, Netflix and the other Designating Parties are obligated but fail to "articulate compelling reasons supported by specific factual findings" as required under *Kamakana* (as repeated in *Caldwell*). Each

of the documents contain evidence material to Plaintiff's motions for summary judgment and to exclude expert testimony and therefore require "compelling reasons" to overcome the presumption against sealing. *See* ECF 147 at 2–3, 7, 11–13, 15–17, 19–20, 25; *see generally* ECF 146:

<table>
<tr><th>Document Sought to Be Sealed</th><th colspan="4">Why Designating Party Has Not Met the Appropriate Standard for Sealing</th></tr>
<tr><td>Designating Parties:</td><td>Netflix</td><td>Delta Dental</td><td>Collective Health</td><td>Anthem</td></tr>
<tr><td>Ex. 7. ECF 144-7, 145-2<br>Emails between Netflix Employees (Entire)</td><td colspan="4" rowspan="2">The request to seal the entirety of both documents is overbroad without any specific articulation. See ECF 151 at 5:10–11. Netflix has provided no compelling reason to seal.<br>Furthermore, to the extent any of the communications are attorney-client privileged, Plaintiff as a beneficiary is the joint-holder of any remaining privilege under the fiduciary exception and may disclose their contents. See ECF 136.</td></tr>
<tr><td>Ex. 8. ECF 144-8, 145-3<br>Netflix Emails to/from Outside Counsel (Entire)</td></tr>
<tr><td>Ex. 19. ECF 144-19, 145-5<br>Netflix-Collective Health BSA (Portions)</td><td colspan="4" rowspan="2">Netflix provides no compelling reasons in favor of sealing any portions of Exs. 19 and 20, and instead chooses to rely on nebulous assertions of harm and boilerplate argument that the agreement "is deemed confidential and proprietary" without addressing the portions sought to be sealed. Armanino Decl. at ¶¶ 4–5.<br>Netflix also attempts to rely on an order sustaining some of its redactions under the protective order. Rillo Decl. at ¶¶ 8–9. Netflix's reliance is misplaced, because such designations do "not entitle [it] to file confidential information under seal." ECF 64, § 1 at 1:19–22.</td></tr>
<tr><td>Ex. 20. ECF 144-20, 145-6<br>Netflix-Delta Dental DASC (Portions)</td></tr>
<tr><td>Ex. 37. ECF 144-37, 145-13<br>Wagner Report (Entire)</td><td colspan="4">The request to seal the entirety of this document is overbroad. Netflix provides no compelling reasons in favor of sealing anything in the report, and to the extent that the report refers to Exs. 19 and 20, it does not refer to any portions that are designated for sealing.</td></tr>
<tr><td>Ex. 14. ECF 144-14, 145-4<br>Transcript of Deposition of Sharon Stanek-Lowe (Delta Dental 30(b)(6)) (Portions)</td><td colspan="4">The portions of the transcript Delta Dental designated as confidential discuss the "processing policies" as described in the publicly available Employee Benefit Booklet that Delta Dental is authorized to process claims in accordance with. See Ex. 20 at *16. Processing policies are not properly</td></tr>
</table>

| | |
|---|---|
| | sealable under *Kamakana/Caldwell*. Delta Dental's nebulous assertions of harm are not tailored to any disclosures actually made in the deposition testimony. |
| **Ex. 23**. ECF 144-23, 145-7<br>**Preventive Care Guidebook** | **Moot.** May be unsealed according to Collective Health as Designating Party. ECF 151-3 at ¶ 12; ECF 151-6 at 2:10. |
| **Ex. 25**. ECF 144-25, 145-8<br>**2020 Medical Management Form** (Entire) | Anthem fails to meet the compelling reasons standard because it applies boilerplate generic notions of harm to all six of its documents without specific articulation. *See* Andrea Decl., ECF 151-1 at ¶¶ 7–9.<br>The MMF forms, Exs. 25–26, represent affirmative service selections by Netflix to determine what the Plan will cover and what procedures participants and beneficiaries are required to follow. *See* Nielsen (Anthem) Dep., Ex. 12 at 65:12–66:18, 98:13–99:18.<br>Ex. 39 describes Netflix's "very custom" service benefit, comprising a selection of services by Netflix. Nielsen (Anthem) Dep., Ex. 12 at 142:15–143:14. |
| **Ex. 26**. ECF 144-26, 145-9<br>**2022 Medical Management Form** (Entire) | |
| **Ex. 39**. ECF 144-39, 145-14<br>**Cosmetic Surgery List** (Entire) | |
| **Ex. 27**. ECF 144-27, 145-10<br>**Grievance & Appeals for Health Plan Members Policy** (Entire) | Anthem fails to meet the compelling reasons standard because it applies boilerplate generic notions of harm to all six of its documents without specific articulation. *See* Andrea Decl., ECF 151-1 at ¶¶ 7–9.<br>These documents were specifically identified by Anthem as "governing or establishing claims services between Anthem and Netflix." Nielsen (Anthem) Dep., Ex. 12 at 62:9–17. Anthem testified how each of these documents is used in the adjudication of medical necessity. *Id.* at 159:2–169:22. For example, Ex. 28 provides a set of criteria that an appeal must contain or else it will be closed as invalid. *Id.* at 167:4–168:10. |
| **Ex. 28**. ECF 144-28, 145-11<br>**Enterprise Grievances and Appeals Operational Guideline** (Entire) | |
| **Ex. 29**. ECF 144-29, 145-12<br>**Utilization Review Process** (Entire) | |

Plaintiff respectfully requests the Court deny Designating Parties' request to seal. *See* ECF 145-1.

RESPECTFULLY SUBMITTED THIS 11TH DAY OF JULY, 2022.

By: /s/ *O. Shane Balloun*
O. Shane Balloun (CalBar #281175)
Attorney for Plaintiff Mark Zavislak