**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| Mark Zavislak,<br>Plaintiff,<br>v.<br>Netflix, Inc.,<br>Defendant. | **Case No.:** 5:21-cv-01811-EJD<br>**DECLARATION OF MARCIA S. WAGNER IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE** |

I, Marcia S. Wagner, hereby declare as follows:

1. I have personal knowledge of the following facts, and if called as a witness I could and would testify competently as to their truth.
2. I write this declaration in support of Netflix, Inc.'s ("Netflix's") Opposition to Plaintiff's Motion in Limine to Exclude Expert Opinion Testimony of Marcia S. Wagner. Dkt. No. 146. ("Plaintiff's Motion to Exclude").
3. I am an attorney and the founder and Managing Partner of The Wagner Law Group, a law firm based in Boston, Massachusetts that specializes in ERISA and employee benefits law. I founded the Wagner Law Group over twenty-five years ago.
4. I am a *summa cum laude* and *Phi Beta Kappa* graduate of Cornell University and a

graduate of Harvard Law School. I have practiced employee benefits law in Boston for approximately thirty-five years and have been a partner in two major law firms.

5. I have been recognized as a national expert in a variety of employee benefits matters, including ERISA's fiduciary requirements. A true and correct summary of my qualifications is attached hereto as Exhibit A, at pages 2–4.

6. In March 2022 I was engaged to provide expert testimony in this case, *Zavislak v. Netflix, Inc.*, No. 5:21-cv-01811 (N.D. Cal.).

7. On March 21, 2022, I submitted my expert report. A true and correct copy of my report is attached hereto as Exhibit A.

8. I have testified as an expert witness or submitted an expert report in 41 cases, including three in California. A true and correct copy of a summary of these cases is attached hereto as Appendix C to Exhibit A. In none of the 41 cases in which I have provided testimony has my testimony been excluded.

9. On April 18, 2022, I was deposed by Plaintiff's counsel. A true and correct copy of the transcript of my deposition is attached hereto as Exhibit B.

10. I plan on offering a declaration in opposition to Plaintiff's Motion for Summary Judgment and in support of Defendant Netflix, Inc.'s Cross Motion. This declaration has not been filed yet, so this motion to exclude is premature.

11. Generally, my expert opinion in this case, based on my long and broad experience advising fiduciaries responsible for administering welfare benefit plans, is:

    a. The seven Plan documents that Netflix disclosed to the Plaintiff comprehensively describe the Plaintiff's benefits, rights, and claims and appeals procedures under the Plan.

        i. These seven documents (in particular, the Collective Health SPD) provide a fulsome disclosure of the Plan terms and benefits as well as its claims and appeals procedures, and therefore meet the intended purpose of the disclosure required by ERISA Section 104(b)(4).

        ii. These seven plan documents are superior to other similar plan documents

that I have reviewed.

b. The Plan's confidential and proprietary Administrative Service Agreements that the Plaintiff has claimed that the Defendant must provide as part of its ERISA Section 104(b)(4) disclosure do not contain any further information that would inform the Plaintiff about his benefits, rights and claims and appeals procedures under the Plan.

c. Based on my extensive experience, the Plan was operated in accordance with its written documents. In particular, based on prevailing industry standards, Netflix's changes to the Plan's summary plan description: (i) would not be considered Plan amendments; and (ii) reflect normal plan operations.

12. I did not review the deposition transcript of Collective Health prior to drafting my expert report or prior to my deposition as it was not made available to me. I have since reviewed the transcript of the deposition and my opinions remains unchanged.

13. During my deposition, Plaintiff's counsel asked me questions regarding a client alert my firm, The Wagner Law Group, published reviewing *M.S. Premera Blue Cross*, 2:19-cv-00199-RJS-CMR (D. Utah 2021). *See* Exhibit B, Wagner Dep. at 56:25-61:11. This case has since been under appeal in the Tenth Circuit and is not settled law. Moreover, The Wagner Law Group does not advise clients that Claims Administration Agreements must be provided in response to ERISA Section 104(b)(4) information requests.

14. Lastly, Plaintiff challenges my opinion as "not reliably obtained insofar as [my] methodology is reliant on false facts . . . Mr. Zavislak indeed has both faced an adverse benefit determination and made a separate 503 request. *See supra* part B(4)." *See* Plaintiff's Motion to Exclude 22:13-16. Notwithstanding, there is no part B(4) of Plaintiff's Motion to Exclude, the materials I have reviewed, including Plaintiff's own deposition do not show any ERISA Section 503 request as I testified in my deposition. *See* Exhibit B, Wagner Dep. 75:22-76:15.

* * * * *

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 6, 2022, at Boston, Massachusetts.

By: ___________________________
Marcia S. Wagner