United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MARK ZAVISLAK,
Plaintiff,

v.

NETFLIX, INC.,
Defendant.

Case No. 5:21-cv-01811-EJD

**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION; FURTHER DIRECTION RE SEALING ORDERS**

Re: ECF No. 224

Pursuant to Civil Local Rule 7-9(b)(3), Plaintiff seeks leave to file a motion to reconsider the Court's Orders at ECF Nos. 222 and 223 granting in part and denying in part administrative motions to seal. ECF No. 224. For the reasons below, the Court **DENIES** Plaintiff's request.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (internal quotation marks omitted); *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (in considering whether documents should be sealed, courts "start with a strong presumption in favor of access to court records."). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming

United States District Court
Northern District of California

the presumption with "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178–79 (internal quotation marks and citation omitted). Further, the Local Rules of this Court require that all requests to file under seal be "narrowly tailored to seek sealing only of sealable material." Civ. L.R. 79-5(a).

In determining whether there are compelling reasons to seal, "courts should consider all relevant factors, including: 'the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets.'" *Foltz*, 331 F.3d at 1135 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). Courts must "'conscientiously balance[] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Kamakana*, 447 F.3d at 1179 (quoting *Foltz*, 331 F.3d at 1135). After considering these interests, if the court decides to seal certain judicial records, it must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Hagestad*, 49 F.3d at 1434 (citing *Valley Broad. Co. v. U.S. Dist. Court for Dist. of Nevada*, 798 F.2d 1289, 1295 (9th Cir. 1986)). Compelling reasons may exist to seal "trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports and other such materials that could harm a party's competitive standing . . . [but] courts should exercise caution not [to] allow these exceptions [to] swallow the strong presumption in favor of disclosure." *In re Apple Inc. Device Performance Litig.*, No. 5:18-MD-02827-EJD, 2019 WL 1767158, at *2 (N.D. Cal. Apr. 22, 2019).

## II. DISCUSSION

The parties filed administrative motions to seal pursuant to Civil Local Rule 79-5 in relation to cross motions for summary judgment and *Daubert* motions.[1] *See* ECF Nos. 145, 189.

---

[1] The "compelling reasons" standard applies to motions to seal made in connection with dispositive motions. This standard also applies to *Daubert* motions submitted "in connection with" pending motions for summary judgment. *Open Text S.A. v. Box, Inc.*, No. 13-CV-04910-JD,

The Court granted in part and denied in part both motions at ECF Nos. 222 and 223 on the basis that requests to seal documents in their entirety were not narrowly tailored pursuant to Local Rule 79-5(c)(1)(iii). Plaintiff now requests leave to file a motion to reconsider the Sealing Orders at ECF Nos. 222 and 223 seeking additional guidance from the Court regarding its rulings. While the Court denies Plaintiff's request it provides the following direction to supplement its Orders.

**A. ECF No. 222**

Plaintiff moved to consider whether another party's material should be sealed as to Exhibits 7, 8, 14, 19, 20, 23, 25, 26, 27, 28, 29, 37, and 39 (ECF Nos. 144-7, 144-8, 144-14, 144-19, 144-20, 144-23, 144-25, 144-26, 144-27, 144-28, 144-29, 144-37, and 144-39) to O. Shane Balloun's Declaration in Support of Plaintiff Zavislak's Motion to Exclude Expert Opinion Testimony of Marcia S. Wagner and Motion for Summary Judgment (ECF No. 144).[2] *See* ECF Nos. 145, 151. Plaintiff opposed the sealing of all the requested documents. Of these documents, Netflix requested that the Court seal Exhibits 25, 26, 27, 28, 29, 37 and 39 in their entirety. The Court granted the request to seal portions of Exhibits 7, 8, 14, 19, 20 but denied the request without prejudice as to Exhibits 23, 25, 26, 27, 28, 29, 37 and 39 for failing to provide satisfactory explanations of "why a less restrictive alternative to sealing is not sufficient." L.R. 79-5(c)(1)(iii).

Defendant sought to seal the following documents in their entirety: "Medical Management Form" ("Exhibit 25") (ECF No. 144-25); "Medical Management Form" ("Exhibit 26") (ECF No. 144-26); "Grievance & Appeals for Health Plan Members Policy" ("Exhibit 27") (ECF No. 144-27); "Enterprise Grievances and Appeals Operational Guideline" ("Exhibit 28") (ECF No. 144-28); "Utilization Review Process" ("Exhibit 29") (ECF No. 144-29); "Wagner Report" ("Exhibit 37") (ECF No. 144-37); and "Cosmetic Surgery List" ("Exhibit 39") (ECF No. 144-39). The

2014 WL 7368594, at *1 (N.D. Cal. Dec. 26, 2014) (citing *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1120–21 (9th Cir. 2012)).

[2] While Plaintiff's administrative motion requests that the Court seal the "Preventative Care Guide" ("Exhibit 23") at ECF No. 144-23 in its entirety, Defendant clarified that it no longer sought to seal Exhibit 23. *See* ECF No. 151.



United States District Court
Northern District of California

United States District Court
Northern District of California

statements filed in support of Plaintiff's sealing request primarily rely on the fact that these documents have been designated as confidential under the parties' Protective Order at ECF No. 64. *See* ECF No. 151.

However, "[r]eference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civ. L.R. 79-5(c); *see also Ponomarenko v. Shapiro*, No. 16-CV-02763-BLF, 2017 WL 3605226, at *3 (N.D. Cal. Aug. 21, 2017); *Jones v. PGA Tour, Inc.*, No. 22-CV-4486-BLF, 2023 WL 2232094, at *1 (N.D. Cal. Feb. 23, 2023). The Protective Order specifically provides that "this Stipulated Protective Order does not entitle [] [the parties] to file confidential information under seal." ECF No. 64 ¶ 1. To the extent Netflix relies on the stipulated Protective Order as a compelling reason for keeping the documents under seal, such a justification is insufficient to overcome the presumption of access to court records.

Netflix states that that the sealing requests are "narrowly tailored" but the Court disagrees. ECF No. 151 at 1. For example, Anthem Blue ("Anthem") states that Exhibits 25, 26, 27, 28, 29 and 39 are internal documents which contain proprietary and confidential information. ECF No. 151-1 ¶¶ 7–8. Yet Anthem does not explain how the request to seal these documents in their entirety is "narrowly tailored to seek sealing only of sealable material." Civ. L.R. 79-5(c)(3). Indeed, Local Rule 79-5(a) discourages filing entire documents under seal "as opposed to merely redacting truly sensitive information in a document." Civ. L.R. 79-5(b).

Similarly, Rillo's declaration in support of sealing Exhibit 37 fails to sufficiently explain why a less restrictive alternative to sealing the entire document is not possible. ECF No. 151-2.

Accordingly, this request was not narrowly tailored to seal only the sealable material of Exhibits 25, 26, 27, 28, 29, 37 and 39.

**B. ECF No. 223**

Defendant requested the Court seal Exhibits QQ, RR, EE, M, N, S, T, U, V, Z, W, and X (also referred to as Plaintiff's Exhibits 7, 8, 14, 19, 20, 25, 26, 27, 28, 37, 29, and 39) at ECF No.

186-4 submitted in connection with its Cross Motion for Summary Judgment (ECF No. 186) and in Opposition to Plaintiff's Motion in Limine *Daubert* Motion to Exclude M. Wagner (ECF No. 188). *See* ECF No. 189. These documents are repeats of the documents requested to be sealed at ECF No. 145, with the exception that Netflix no longer sought to seal Exhibit Q and corresponding Plaintiff's Exhibit 23.

Accordingly, the Court denied in part the sealing request as to Exhibits S, T, U, V, Z, W, and X[3] on the same bases that Defendant failed to provide satisfactory explanations of "why a less restrictive alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1)(iii).

For the same reasons discussed above, Netflix failed to propose narrowly tailored redactions to seal only the sealable portions of these exhibits.

## III. CONCLUSION

For the forgoing reasons, Plaintiff's request for leave to file a motion to reconsider the Court's Orders at ECF Nos. 222 and 223 is **DENIED**.

The Court provides the following directions regarding its prior Sealing Orders.

1. By **June 5, 2023**, Netflix is directed to refile Exhibits S, T, U, V, Z, W, and X on the public docket in conformity with this Order. If Netflix chooses to renew its administrative motion to seal these exhibits before this date, it must provide "narrowly tailored" redactions and limit the requests only to material that is sealable under the "compelling reasons" standard.
2. By **June 5, 2023**, Plaintiff is directed to refile Exhibits 23, 25, 26, 27, 28, 29, 37 and 39 on the public docket in conformity with this Order. Netflix may likewise file a renewed administrative motion to seal Plaintiff's Exhibits 25, 26, 27, 28, 29, 37, and 39 before this deadline. The request shall include new declarations in support and a proposed order.

---

[3] The Court's Order at ECF No. 223 refers to Exhibits S, T, U, V, Z, W, and X as "Exhibits 25, 26, 27, 28, 29, 37 and 39." For the avoidance of doubt, the Court clarifies that it denied Netflix's request to file under seal Exhibits S, T, U, V, Z, W, and X in its Sealing Order at ECF No. 223.



United States District Court
Northern District of California

United States District Court
Northern District of California

**IT IS SO ORDERED.**

Dated: May 24, 2023

EDWARD J. DAVILA
United States District Judge