UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARK ZAVISLAK,<br><br>    Plaintiff,<br><br>    v.<br><br>NETFLIX, INC.,<br><br>    Defendant. | Case No.  5:21-cv-01811-EJD<br><br>**ORDER RE MOTIONS *IN LIMINE***<br><br>Re: ECF Nos. 209, 210, 211, 212 |

Presently before the Court are Defendant Netflix Inc.'s ("Netflix) motions *in limine* ("MIL") to exclude or admit certain evidence from trial.[1] ECF Nos. 209, 210, 211, 212. Having considered the parties' briefing, the Court rules on Netflix's MILs as discussed below.

I.  **DISCUSSION**

   A.  **Netflix's MIL to Exclude Hearsay Statements**

Netflix moves to exclude statements made by an unnamed Collective Health customer service representative and Zavislak's statement about his physician's prescription as inadmissible hearsay.  Def.'s MIL No. 1, ECF No. 209.

Plaintiff's declaration accompanying his motion for summary judgment includes a statement made by an anonymous Collective Health customer service representative who

---

[1] A 3-day bench trial was scheduled to commence before the Undersigned on January 10, 2023. Prior to the bench trial, the Court heard oral argument on Plaintiff's motion for summary judgment. At the hearing, the parties agreed that the briefing and argument presented were the trial arguments for the case and to submit Proposed Findings of Fact and Conclusions of Law to be taken under submission with the motion in lieu of a bench trial.  *See* ECF Nos. 200, 204.  The Court subsequently vacated the bench trial.  To preserve their evidentiary objections, Netflix submitted MILs to exclude evidence offered by Plaintiff in its summary judgment briefs. *See* ECF Nos. 147, 186, 195, 197.

Case No.: 5:21-cv-01811-EJD
ORDER RE MOTIONS *IN LIMINE*

1

1  purportedly informed Plaintiff Zavislak ("Zavislak") that a blood test was not preventive and that

2  the Preventive Care Guidebook was a "Plan Document."  Pl.'s Mot. for Summ. J. ("Pl.'s MSJ"),

3  ECF No. 147, at 22:22–25; Decl. of M. Zavislak in Supp. of MSJ ("Zavislak Decl."), ECF No.

4  147-1 ¶¶ 4–9.  As the proponents of the statements, Zavislak bears the burden of establishing by a

5  preponderance of the evidence that Rule 801(d)(2)(A) applies. *See Bourjaily v. United States*, 483

6  U.S. 171, 175 (1987) (holding that proponent of hearsay must prove exception or exemption by

7  preponderance of the evidence).

8        Netflix contends that these statements are inadmissible hearsay under Fed. R. Evid. 801

9  and 802 because they are offered to prove the content of the Preventive Care Guidebook.  Def.'s

10  MIL No. 1 at 1.  Netflix asserts that these statements are not subject to any hearsay exception.  *Id.*

11  However, Plaintiff alleges that these statements are admissible under the hearsay exception under

12  Federal Rule of Evidence 801(d)(2)(A), which provides that statements offered against an

13  opposing party that were made by the party in an individual or representative capacity are

14  admissible.  Pl.'s Opp'n to Def.'s MIL No. 1 ("Opp'n to MIL No. 1") at 2.

15        Netflix argues this exception does not apply because Plaintiff fails to demonstrate that

16  Netflix authorized the statement by the Collective Health customer service representative.  Netflix

17  asserts that, pursuant to Rule 801(d)(2)(A), the representative must be truly authorized to speak on

18  the subject and bind the party.  Def.'s MIL No. 1 at 1.  Netflix cites *Durham v. County of Maui* in

19  support of this argument.  804 F.Supp.2d 1068, 1070–71 (D. Haw. 2011).  In *Durham*, the district

20  court held that Rule 801(d)(2)(A) did not apply to a doctor's expert report that was "not sworn

21  under oath, produced as part of the discovery process, or otherwise specifically relied upon by

22  Plaintiffs in some manner" because the doctor was not authorized to make the statements on

23  behalf of plaintiffs.  *Id.* at 1071–72.  Instead, the court found that the doctor's statements in the

24  report constitute his individual opinions and plaintiffs could not adopt such statements as their

25  own.  *Id.* at 1072.

26        Zavislak argues, however, that Netflix did, in fact, authorize the statement of the Collective

27  Health customer service representative based on the Netflix-Collective Health Benefit Services

28  Case No.:  5:21-cv-01811-EJD
ORDER RE MOTIONS *IN LIMINE*

Agreement ("BSA"), in which Netflix delegates authority to Collective Health to act on its behalf. Opp'n to MIL No. 1 at 2; *see* ECF Nos. 144-19, Ex. 19 ("BSA"). The BSA provides, in relevant part, that:

> Plan Sponsor intends to serve as . . . the ERISA administrator and fiduciary for the Plan (the "Plan Administrator"). Plan Sponsor, on behalf of itself and the Plan Administrator, wishes to retain Collective Health to provide certain services for the Plan and its enrolled employees and their dependents (collectively, "Member(s)"), and Collective Health agrees to provide such services as described in this Agreement subject to the terms and conditions set forth in this Agreement and in the exhibits hereto.
> . . .
> Collective Health shall provide assistance and support to Members in resolving medical plan-related inquiries through telephone (within the Member Portal), and email (all such assistance, "Member Support"). Member advocates providing Member Support shall be available during Collective Health business hours . . . . Collective Health shall provide Member Support on the following general issue categories, as applicable: eligibility, medical claims adjudication procedures and decisions, Member rights to appeal, provider networks, covered services, and technical support related to the Collective Health Digital Services.

BSA ¶¶ 1, 4. Under the BSA, Netflix authorized Collective Health to act on Netflix's behalf to make statements through telephone support about the Plan's coverages and claims procedures. Opp'n to MIL No. 1 at 3. Plaintiff therefore asserts that both Rules 801(d)(2)(C) and (D) apply to define Collective Health's statements to Zavislak as non-hearsay. *Id.*

The Court finds that Zavislak has met his burden of showing that Netflix authorized the statements and therefore that they are subject to the hearsay exception under Rule 801(d)(2). Accordingly, the Court overrules the objection and finds that the statement of the Collective Health customer service representative is admissible.

Next, in his declaration Zavislak claims his doctor prescribed the tests as preventive yet did not provide his doctors testimony. ECF No. 147-1 at ¶¶ 5, 8. Netflix also argues that this statement is hearsay and is not subject to any exception. Def.'s MIL No. 1 at 1–2. Netflix contends Zavislak's statement is not a present sense exception under Rule 803(1) because there is no showing that the statement was made "nearly contemporaneous with the incident described and little chance for reflection," *Boyd v. City of Oakland*, 458 F.Supp.2d 1015, 1032–37 (N.D. Cal.

Case No.: 5:21-cv-01811-EJD
ORDER RE MOTIONS *IN LIMINE*

2006) (quotation omitted), nor is it Rule 803(4) Medical Diagnosis Exception because that exception is limited to "statements made by the patient to the doctor not the reverse," *Bulthuis v. Rexall Corp.*, 789 F.2d 1315, 1316 (9th Cir. 1985).

Zavislak maintains that his statement is "definitionally" not hearsay under Rule 801 and therefore it need not be subject to a hearsay exception to be admissible. Opp'n to MIL No. 1 at 5. According to Zavislak, his statement describes the nature and purpose of blood tests that he personally received based on his personal knowledge, and he does not rely on the words of his doctor to prove the truth of the matter asserted. *Id.*

The Court holds that Zavislak may only testify about the fact that he was administered a test. He may *not* state the purpose or nature of the test, as such statements rely on his physicians out of court statements regarding those tests. Accordingly, the court will sustain the objection and finds that reliance on Rule 807 is not appropriate nor helpful.

**B.     Netflix's MIL to Exclude Plaintiff's Exhibit 20**

Next, Netflix seeks to exclude Zavislak's Exhibit 20 because he improperly merged the 2022 Delta Dental Contract Amendment and the Dental Administrative Services Contract ("Netflix-Delta Dental Agreement") as one piece of evidence. Def.'s MIL No. 2, ECF No. 210; *see* Pl.'s MSJ, Ex. 20. Defendant asserts that the Netflix-Delta Dental Agreement and the Contract Amendment were executed 2 years apart, in 2020 and 2022 respectively, and it is improper to merge separate documents into one exhibit and incorrectly proffer them as one contract. Def.'s MIL No. 2 at 1. Since the Contract Amendment was executed in 2022, Netflix argues that it was not required to disclose it to Zavislak in his ERISA § 104(b)(4) request. *Id.*

Zavislak contends that there is nothing improper about Exhibit 20. Zavislak argues that the Netflix-Delta Dental Agreement and the Contract Amendment are "logically related instruments" and that he filed them together because they comprise "the latest version of the Contract with all known amendments." Pl.'s Opp'n to Def.'s MIL No. 2 ("Opp'n to MIL No. 2"), ECF No. 214 at 3–4. Zavislak notes that Netflix does not contest the authenticity of Exhibit 20. *Id.* at 4. Nor does Netflix dispute the Contract Amendment was executed as an amendment to the Netflix-Delta

1    Dental Agreement. *Id.* at 5.

2        While the Court appreciates Zavislak's efforts to file the documents together for the

3    Court's benefit, the parties' evidence and arguments would be better served with separate exhibits.

4    The Court accepts Zavislak's invitation to separate these exhibits for trial. The Court will permit

5    the Netflix-Delta Dental Agreement and the Contract Amendment to be submitted as separate

6    exhibits. The Court orders that the parties meet and confer on the submission of two exhibits in

7    place of Exhibit 20. Accordingly, the Court grants the motion with the order to substitute as

8    indicated.

        **C.**    **Netflix's MIL to Exclude Secondary Evidence**

    Netflix asserts that the Collective Health customer service representative's testimonial evidence is proffered to prove the content of the Preventive Care Guidebook ("PCG") is secondary evidence and is therefore barred by the Best Evidence Rule. Def.'s MIL No. 3, ECF No. 211 at 1; *see* Pl.'s MSJ at 22:22–25; Zavislak Decl. ¶¶ 4–9. The Best Evidence Rule requires the production of an original document to prove its content. Fed. R. Evid. 1002. According to Netflix, because Plaintiff has the Preventive Care Guidebook in his possession, he must use the Preventive Care Guidebook, not testimony, to prove its content. Def.'s MIL No. 3 at 1.

    Zavislak contends that thee statements by the Collective Health customer service representative is proffered as the basis for its adverse benefit determination against him, not to prove the contents of the PCG. Pl.'s Opp'n to Def.'s MIL No. 3 ("Opp'n to MIL No. 3"), ECF No., ECF No. 215 at 2. Thus, Zavislak argues that the Best Evidence Rule is not applicable. *Id.*

    Netflix also asserts that Zavislak proffers testimonial evidence through Collective Health's designee, Jessica Nelson, to prove the content of the Plan Matrix and Plan Design Change Confirmations. Def.'s MIL No. 3 at 1; *see* Pl.'s MSJ at 7:17, 8:23, 14:6–15:2, 21:21–26. Netflix argues that is an original writing is not available, a party proffering secondary evidence must show that "a diligent, bona-fide and thorough search was made without success" because the original has "been destroyed" or cannot "be obtained by any available judicial process." Def.'s MIL No. 3 at 1 (quoting *Medina v. Multaler, Inc.*, No. 06-CV-00107 MMM (AJWx), 20007 WL 5124009, at

Case No.: 5:21-cv-01811-EJD
ORDER RE MOTIONS *IN LIMINE*
5

*2–3 (C.D. Cal. Feb. 7, 2007)). According to Netflix, Zavislak has not shown that he diligently searched for the Plan Matrix and Plan Design Change Confirmations and therefore he cannot use secondary evidence to prove the contents of these documents. Def.'s MIL No. 3 at 1–2.

Zavislak notes that Netflix has control of the original Plan Matrix and the Plan Design Change Confirmations and has not provided the original documents to him. Opp'n to MIL No. 3 at 3. Zavislak contends that the only issue under Fed. R. Evid. 1004(c), then, is whether Netflix was put on notice that "the original would be a subject of proof at the trial or hearing." *Id.* Although Netflix contends that it was not notified pursuant to Rule 1004(c), Zavislak alleges that he informed Netflix on March 31, 2022 that he would be introducing secondary evidence to prove the content of both documents at issue. *Id.* at 4; *see* ECF 196-6 at 9. Zavislak also alleges that he provided additional notice and the secondary evidence itself in his motion for summary judgment as well as his Proposed Findings of Fact and Conclusions of Law. *Id.* at 4–5; *see* Pl.'s MSJ 14:6–15:2; *see also* ECF No. 208 ¶¶ 12–32.

In consideration of the foregoing, the Court finds that the requirements of Rule 1004 have been satisfied and Netflix was put on notice. The Court will permit the statements of the Collective Health customer service representative and of Collective Health's designee, Jessica Nelson, and give them whatever weight the Court deems appropriate. Accordingly, the Court overrules Netflix's objection.

### D. Netflix's MIL to Exclude Plaintiff's Evidence Due to Plaintiff's Failure to Supplement

Finally, Netflix moves to exclude evidence relating to eight additional document categories based on Zavislak's alleged failure to supplement his Interrogatory Answers, including: Anthem's Prior Authorization List ("PAL"), Collective Health's Preventive Care Guidebook ("PCG"), the Plan Matrix, Plan Design Confirmation Changes, the Confirmation of Summary Plan Description ("CSPD"), the Medical Management Forms, Anthem's Plan-Governing Policies, and the 2021 SPD (collectively, "Eight Additional Documents"). Def.'s MIL No. 4, ECF No. 212 at 1. Netflix argues that Zavislak's failure to supplement his Interrogatory Answers prejudiced Netflix in

Case No.: 5:21-cv-01811-EJD
ORDER RE MOTIONS *IN LIMINE*

1   preparing tis defense and amounts to a failure to cooperate under Fed. R. Civ. P. 37 because it was

2   not "substantially justified." *Id.* at 2.  Netflix also contends that Zavislak "waited until 11:48 PM

3   on the last day of fact discovery" to disclose the Collective Health customer service representative,

4   the Plan Matrix, and the Plan Design Change Confirmations. *Id.*

5     Zavislak indicates that Netflix knew of this information from deposition testimony when it

6   was discussed on December 21, 2021.  Pl.'s Opp'n to Def.'s MIL No. 4 ("Opp'n to MIL No. 4"),

7   ECF No. 216 at 4; *see* Zavislak Dep., ECF No. 186-4, Ex. GG 300:6-10, 303:23–304:1, 304:2–

8   308:19.  Zavislak also argues that his supplemental disclosures at ECF No. 196-3 inform of the

9   documents at issue.  Opp'n to MIL No. 4 at 4.  That disclosure consisted of a graph chart with

10  columns marked with an "X" to indicate items that might be referenced. *Id.*

11    Zavislak adds that he disclosed a second set of supplemental disclosures on March 31,

12  2023 following the deposition of Ms. Nelson, Collective Health's rule 30(b)(6) witness.  Opp'n to

13  MIL No. 4 at 5.  Zavislak claims that he inadvertently didn't file a third supplemental disclosure

14  about the 2021 SPD because he was filing his motion for summary judgment. *Id.* at 6.  Zavislak

15  claims that his summary judgment motion was the vehicle he used to timely disclose his theory

16  regarding the alleged withholding of the 2021 SPD. *Id.* at 6.  Finally, Zavislak claims that

17  Defendant was always on notice that any document produced in discovery relating to the plan

18  could be at issue with respect to §104(b)(4) obligations. *Id.* at 6.  Zavislak also argues that Netflix

19  withheld documents so Zavislak could not be expected to know of these withheld items. *Id.* at 7.

20  This argument seems to de defensive to Zavislak's conduct.  According to Zavislak, any delay is

21  harmless because Netflix knew what was in issue and seems to argue that Netflix was refusing to

22  disclose so they should have known what was at issue.  Opp'n to MIL No. 4 at 6.

23    In sum, Zavislak argues that his disclosures—while perhaps failing to be timely—were

24  made in advance of any relevant dates for motion practice suggesting that Defendant therefore did

25  not suffer prejudice.  Zavislak's argument criticizing Netflix's conduct and defending its own

26  admitted lack of timeliness is disappointing.  Reviewing the content and tone of the pleadings is

27  equally disappointing, as they contain unnecessary personal attacks that diminish the value of the

Case No.: 5:21-cv-01811-EJD
ORDER RE MOTIONS *IN LIMINE*
7

arguments and do little to support the party's position.

The record shows these parties regrettably were not cooperative in spirit or deed regarding discovery practice preparations. Filing responses 12 minutes from midnight on the last day for disclosure is trial practice that is frowned upon and does little to advance respect for the professional and orderly practice expected of attorneys practicing in the Northern District. Furthermore, the tone of the pleadings includes unnecessary ad hominem language that is not helpful to the court and does nothing to enhance their positions.

In reviewing the totality of the circumstances, the Court does not find it appropriate to grant the motion. Zavislak's conduct was with fault and disappointing, and the impact on Netflix was not entirely harmless, however, any resultant prejudice does not rise to the sanction of striking the evidence. Accordingly, the Court will give the evidence whatever weight it feels appropriate.

## II. CONCLUSION

The Court rules on the parties' motions *in limine* as follows:

1) MIL No. 1 is DENIED IN PART and GRANTED IN PART. The Court DENIES Netflix's motion with respect to the statement made by the Collective Health customer service representative and GRANTS the motion with respect to Zavislak's statement about his physician's prescription.
2) MIL No. 2 is GRANTED. The Court further ORDERS that the parties meet and confer on the submission of the agreements as two separate exhibits to replace Exhibit 20.
3) MIL No. 3 is DENIED.
4) MIL No. 4 is DENIED.

**IT IS SO ORDERED.**

Dated: September 29, 2023

EDWARD J. DAVILA
United States District Judge

Case No.: 5:21-cv-01811-EJD
ORDER RE MOTIONS *IN LIMINE*
8