UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARK ZAVISLAK,<br><br>    Plaintiff,<br><br>v.<br><br>NETFLIX, INC.,<br><br>    Defendant. | Case No. 5:21-cv-01811-EJD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO AMEND ORDER; DENYING MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. Nos. 239, 240 |

This case arises out of Plaintiff Mark Zavislak's ("Zavislak") allegation that Zavislak's health and wellness benefits plan administrator, Defendant Netflix, Inc. ("Netflix"), failed to timely furnish upon request all documents required under the Employee Retirement Income Security Act of 1974 ("ERISA") section 104, 29 U.S.C. § 1024(b)(4) ("Section 104").

Before the Court are Netflix's motion to amend a final order or for relief from judgment pursuant to Federal Rules of Civil Procedure 59 and 60 ("motion to amend") and motion for leave to file a motion for reconsideration pursuant to Civil Local Rule 7-9(b). Mot. to Amend or for Relief from J. ("Mot. to Amend"), ECF No. 240; Mot. for Leave to File Mot. for Recon. ("Mot. for Recon."), ECF No. 239. Zavislak filed an opposition, and Netflix filed a reply. Opp'n, ECF No. 243; Reply, ECF No. 244.

Upon careful review of the relevant documents, the Court finds this matter suitable for decision without oral argument pursuant to Local Rule 7-1(b). For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Netflix's motion to amend and **DENIES** Netflix's motion for leave to file a motion for reconsideration.

## I. BACKGROUND

Netflix requests an amendment to the damages calculation in the Court's January 31, 2024, Findings of Fact and Conclusions of Law ("FFCL"), which awarded Zavislak $15 per day in penalties measured by Zavislak's January 4, 2021, request for documents and Netflix's March 11, 2022, furnishment of documents. FFCL ¶¶ 180, 181, ECF No. 238.

The Court has previously summarized the procedural and factual history of this case and need not repeat that history here. *See* FFCL ¶¶ 1–73; Order Den. Mot. for Prelim. Injunction, Mot to Dismiss, Mot. for Summ. J., and Mot. to Stay Disc., ECF No. 44. Thus, the Court will only discuss the findings of fact relevant to the present motions, i.e., the facts surrounding Zavislak's two Section 104 requests to Netflix: (1) a letter postmarked January 4, 2021 ("January 2021 Request"), and (2) an email sent on February 28, 2022 ("February 2022 Request").

January 2021 Request

Zavislak mailed a letter postmarked January 4, 2021, to Netflix, requesting documents for each 2021 calendar year benefit plan to which he was a beneficiary. FFCL ¶ 9. However, due to circumstances resulting from the COVID-19 pandemic, Netflix's benefits manager did not receive this letter, and so Zavislak did not receive a response. *Id.* ¶¶ 10–11.

Zavislak followed up with a second letter on February 11, 2021, inquiring into Netflix's delayed response to his January 2021 Request. *Id.* ¶ 13. This letter was received, and Netflix's counsel responded by email on February 17, 2021. *Id.* ¶ 14. Counsel informed Zavislak that, while some documents were available, Netflix was not yet in possession of all the 2021 documents because they were still in the process of being finalized. *Id.* In this email exchange, Zavislak agreed to receive the 2021 documents electronically on a rolling bases as they became available, and counsel informed Zavislak that Netflix could share a section or portion of a draft if he had specific questions. *Id.* ¶ 14.

On February 24, 2021, Netflix's counsel provided Zavislak with the seven available plan documents pulled for 2020 and 2021, described in greater detail in the FFCL. *Id.* ¶ 15. Zavislak responded to this document production by requesting additional documents. *Id.* ¶¶ 17–22. On

Case No.: 5:21-cv-01811-EJD
ORDER GRANTING IN PART AND DEN. IN PART MOT. TO AMEND ORDER; DEN. MOT. FOR LEAVE TO FILE A MOT. FOR RECON.
2

1  February 26, 2021, Netflix informed Zavislak that the documents he sought were no longer
2  available and not in use, and Netflix had provided all documents required by law. *Id.* ¶¶ 20, 22.
3  Zavislak filed the present suit soon after, on March 15, 2021, claiming that Netflix failed to timely
4  furnish all documents required under ERISA. Order Den. Mot. for Prelim. Inj., Mot to Dismiss,
5  Mot. for Summ. J., and Mot. to Stay Disc. 4.

February 2022 Request

On February 28, 2022, Zavislak made another request for documents. FFCL ¶ 27. On March 11, 2022, Netflix responded in an email attaching the seven plan documents from 2020, 2021, and 2022. *Id.* ¶ 28. The February 2022 Request is not the subject of Zavislak's claim. *See* Am. Compl., ECF No. 16.

The Court's Findings

Upon consideration of these facts, the Court made three findings relevant to this Order. First, the Court found that Netflix was not required to furnish the additional documents requested by Zavislak. *See, e.g., id.* ¶¶ 151, 158, 163, 169. Second, the Court found that Netflix furnished the most up to date, finalized versions of the summary plan descriptions to Zavislak, and there was no requirement that Netflix provide the documents still in draft form. *Id.* ¶¶ 172, 73. Third, the Court found that Netflix's response to the January 2021 Request was untimely, as Netflix failed to furnish the required documents within thirty days of January 4, 2021. *Id.* ¶ 183.

The Court's Award of Penalties

Regarding the Court's third finding, Zavislak requested penalties of $110 per day beginning on the date Netflix refused to furnish additional documents in response to the January 2021 Request, which was February 26, 2021, to the date of the Court's order. *Id.* ¶ 174. As of the date the Court issued the FFCL, Zavislak's requested penalties would have been measured by approximately 1,069 days, resulting in an award of $117,590.

Due in part to the exceptional circumstances created by the COVID-19 pandemic, and in consideration of the U.S. Department of Labor's ("DOL") suspension of deadlines during this

Case No.: 5:21-cv-01811-EJD
ORDER GRANTING IN PART AND DEN. IN PART MOT. TO AMEND ORDER; DEN. MOT. FOR LEAVE TO FILE A MOT. FOR RECON.

3

time, the Court declined to award Zavislak's requested $110 per day penalties. *Id.* ¶ 180. Instead, balancing these circumstances with the Ninth Circuit's mandate that district courts must liberally construe ERISA, the Court exercised its discretion to award a penalty of $15 per day. *Id.* ¶ 181.

Turning to the timeframe for calculating penalties, the Court awarded $15 per day from January 4, 2021, to March 11, 2022, based on the understanding that Zavislak did not follow up on his January 2021 Request until he sent his February 2022 Request, and therefore did not receive a response to his January 2021 Request until Netflix responded to his February 2022 Request on March 11, 2022:

> It is undisputed that Plaintiff sent a Section 104 request via letter in January 2021, but it appears that, at the very least, the correct personnel never became aware of the letter, and Plaintiff did not send a second request or follow up until more than a year later. Once Netflix received his second request, however, the company responded [on March 11, 2022].
>
> [ . . . ]
>
> [T]he Court will award a penalty of $15/day measured by the date of Plaintiff's first Section 104 request postmarked January 4, 2021 to the date Netflix furnished the Plan documents in response to his second request on March 11, 2022, totaling 431 days.

FFCL ¶¶ 180, 181.

Netflix's Argument

Netflix argues that the Court erred in calculating penalties from January 4, 2021, to March 11, 2022, because the Court previously found that Netflix supplied all documents required under ERISA in response to the January 2021 Request on February 24, 2021. Mot. to Amend 8–10. Therefore, Netflix argues that the proper calculation would award penalties, if any, through February 24, 2021, rather than March 11, 2022. *See id.*

Netflix also argues that the Court failed to consider the circumstances surrounding the COVID-19 pandemic and erroneously awarded penalties which precede Plaintiff's requested timeline and precede Netflix's thirty-day deadline to furnish the required documents in response to the January 2021 Request. *Id.* at 11–12.

Case No.: 5:21-cv-01811-EJD
ORDER GRANTING IN PART AND DEN. IN PART MOT. TO AMEND ORDER; DEN. MOT. FOR LEAVE TO FILE A MOT. FOR RECON.
4

## II. LEGAL STANDARD

Findings of fact and conclusions of law are final orders, and motions for relief from such orders are governed by Federal Rule of Civil Procedure 60. Rule 60(a) provides that a court may correct a mistake arising from oversight or omission in a final order upon a party's motion or upon the Court's discovery of the mistake, with or without notice. Rule 60(b) provides that a court may relieve a party from a final order under various circumstances, including mistake, inadvertence, surprise, or excusable neglect by a litigant or the court. Fed. R. Civ. P. 60(b)(1). "Reconsideration for any of the reasons set forth in Rule 60(b) is an extraordinary remedy that works against the interest of finality and should be applied only in exceptional circumstances." *Fed. Trade Comm'n v. John Beck Amazing Profits*, LLC, No. 9-cv-4719-MWF, 2021 WL 4313101, at *1 (C.D. Cal. Aug. 19, 2021) (internal quotation marks omitted) (quoting *Audionics Sys., Inc. v. AAMP of Fla., Inc.*, CV 12-10763-MMM (JEMx), 2015 WL 11201243, at *7 (C.D. Cal. Nov. 4, 2015)).

## III. DISCUSSION

As an initial matter, the Court declines to conduct an analysis of Netflix's motion for leave to file a motion for reconsideration under Local Rule 7-9(b) given that the FFCL is not an interlocutory order. Therefore, the Court **DENIES** Netflix's motion for leave to file a motion for reconsideration and will proceed with its analysis under of Netflix's motion to amend pursuant to Rule 60.[1]

Netflix argues that the Court's damages calculation contains a mistake. The Court agrees, finding that the facts used to calculate damages contain mistaken inconsistencies with the Court's earlier factual findings.

To reiterate, the Court awarded penalties measured from January 4, 2021, to March 11, 2022, based on the understanding that Zavislak did not follow up on his January 2021 Request until his February 2022 request, and therefore Zavislak did not receive any response to his January 2021 Request until Netflix responded to his February 2022 Request on March 11, 2022. While it

---

[1] While Netflix also cites to Rule 59, which governs motions to alter or amend a judgment, there is no separate document issuing judgment in this case, thus the Court will proceed with its analysis of Netflix's requested relief only under Rule 60.

Case No.: 5:21-cv-01811-EJD
ORDER GRANTING IN PART AND DEN. IN PART MOT. TO AMEND ORDER; DEN. MOT. FOR LEAVE TO FILE A MOT. FOR RECON.

is true that Netflix did not respond to the original letter postmarked on January 4, 2021, the Court found that Zavislak did indeed follow up on his January 2021 Request with another letter on February 11, 2021, to which Netflix furnished documents in response on February 24, 2021. FFCL ¶ 15.  Although the crux of this case is Zavislak's claim that the documents he received on February 24, 2021, were incomplete and out of date, the Court ultimately found that all documents furnished on February 24, 2021, were the most up to date versions in Netflix's possession, and Netflix was not required to furnish the additional documents requested by Zavislak. *E.g., id.* ¶¶ 151, 158, 163, 169.  In other words, the Court found that Netflix discharged its statutory duty regarding Zavislak's January 2021 Request on February 24, 2021, by furnishing all documents required at that time.  While this date is still untimely, as the documents were not furnished within thirty days of Zavislak's request, the correction of this error decreases the penalties calculations from 431 to 51 days.

        Netflix's additional arguments requesting that the Court further reduce or remove all statutory penalties are unpersuasive and improper grounds for the present motion.  First, the Court addressed Netflix's arguments regarding the DOL's suspension of deadlines during the COVID-19 pandemic in its declination to award the requested maximum penalties of $110 per day, instead electing to award a discretionary $15 per day.  FFCL ¶ 180.  Second, Netflix's arguments regarding Zavislak's concessions that penalties should only be assessed after February 26, 2021, was never presented before the Court prior to its FFCL and is therefore untimely.  *See* Opp'n 6. Regardless, as Zavislak highlights, the Court is permitted to grant any relief to which the evidence shows a party is entitled, even if that party did not request the appropriate remedy.  Opp'n 5 (citing *U.S. v. Walker River Irr. Dist.*, 986 F.3d 1197 (9th Cir. 2021); Fed. R. Civ. P. 54(c) ("Every other [than a default] final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings.")).  And finally, the Court agrees with Zavislak's argument that the Court is not bound to begin its calculations for penalties on the thirty-first day after a document production request.  Opp'n 5.  While Section 1132

Case No.: 5:21-cv-01811-EJD
ORDER GRANTING IN PART AND DEN. IN PART MOT. TO AMEND ORDER; DEN. MOT. FOR LEAVE TO FILE A MOT. FOR RECON.

6

provides that the Court has the discretion to hold administrators liable for each day from the date of their failure or refusal to furnish the required documents, the statute also expressly states that the Court "may in its discretion order such other relief as it deems proper." 29 U.S.C. § 1132(c)(1); *see also, e.g., Barling v. UEBT Retiree Health Plan,* 145 F. Supp. 3d 890, 896 (N.D. Cal. 2015); *Hemphill v. Est. of Ryskamp,* 619 F. Supp. 2d 954, 975–76 (E.D. Cal. 2008), *modified sub nom. Hemphill v. Pers. Representative of Est. of Ryskamp,* No. CVF-05-1319 OWW/SMS, 2008 WL 1696722 (E.D. Cal. Apr. 8, 2008). The Court was permitted to properly weigh the circumstances of the delay in this case with the mandate that it liberally interpret ERISA in deciding to award a significantly lesser penalty beginning on the date Zavislak's request was postmarked.

Therefore, the Court amends its FFCL to correct the erroneous statement that "Plaintiff did not send a second request or follow up until more than a year later," and recalculate damages to account for Zavislak's February 11, 2021, follow up letter and the February 24, 2021, document production. Accordingly, the Court awards damages from January 4, 2021, to February 24, 2021, the date Netflix furnished all required documents in response to Zavislak's February 11, 2021, follow up letter. The calculation of $15 per day for these 51 days results in total damages of $765.

The Court therefore **GRANTS** Netflix's motion to amend the damages calculation to award penalties from January 4, 2021, to February 24, 2021, but **DENIES** Netflix's motion insofar as it requests the Court further reduce or remove all penalties.

**IV.   CONCLUSION**

Based on the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** Netflix's motion to amend and **DENIES** Netflix's motion for leave to file a motion for reconsideration. The Court amends its award of $6,465 for Count I to an award of $765. All other findings of fact and conclusions of law remain unchanged. Amended FFCL to follow.

1     **IT IS SO ORDERED.**

2     Dated: June 7, 2024

3                                                                 _____
4                                                                 EDWARD J. DAVILA
                                                                  United States District Judge